# DECISIONS

OF THE

# SUPREME COURT OF FLORIDA.

## JANUARY TERM, 1874.

ALEXANDER McDONALD, ADMINISTRATOR OF SAMUEL WILLIAMS, DECEASED, APPELLANT, vs. D. L. BOGUE, APPELLEE.

W. died intestate May 1, 1862. M. was appointed administrator and published notice as required by Act of Nov. 20, 1828, concerning Wills,. &c., Sec. 39. Within two years after such publication, claims were presented by creditors to an amount more than sufficient to absorb the entire estate, which had been converted into money, and a partial *pro rata* dividend made to those claims. The plaintiff, as heir, claimed the residue of decedent's estate in the hands of the administrator undistributed, insisting that all creditors' claims were barred by the statute of limitations, and January 18, 1871, brought suit against the administrator to recover such residue. *Held:*

1. That no statute of limitations was in force from Dec. 13, 1861, to the institution of suit.

2. That in respect to this fund raised from the sale of intestate's estate for the purpose of paying debts, the administrator holds the position of trustee for the creditors, whose claims are, or may be lawfully established, against whom the statute of limitations, if in force, does not run so as to deprive them of a *pro rata* distribution of the fund.

Appeal from the Third Judicial Circuit for Madison county.

The opinion of the Court contains a statement of the case.

*Patterson & Vann* and *D. S. Walker* for Appellant.

*Charles R. King* and *A. A Knight* for Appellee.

FRASER, J., delivered the opinion of the court.

The plaintiff in this case sues as sole heir and distributee of the estate of Samuel Williams, deceased, to recover from the defendant as administrator the amount of the assets remaining in his hands, as yet undistributed. Samuel Williams, the intestate, died May 1, 1862, and on the 29th of the same month letters of administration were granted the defendant, who immediately caused to be published the notice required by act of November 20, 1828, concerning wills, &c., section 39. Within two years from the date of such publication, claims, amounting in the aggregate to $3,851.57, were duly presented to the administrator for payment, and in the course of administration, a *pro rata* dividend of fifty per centum made thereon by order of the probate court, and that there remains in the hands of the administrator, as found by the referee, $1,231.50, and the estate is insolvent.

This suit was commenced Jan'y 18, 1871. The plaintiff insists that the claims of all the creditors of the estate are barred by the statute of limitations and by force of the act of November 20, 1828, concerning wills, &c., section 39, and upon this ground alone claims the fund in the hands of the administrator.

The court below rendered judgment in favor of the plaintiff for the amount in the hands of the defendant with costs, and from that judgment the defendant appeals to this court and assigns the judgment for error. There are many other errors assigned, which it is unnecessary to notice here, as the decision of the case depends upon the effect to be given to the statutes above mentioned.

It is apparent that the debts against the estate, which were presented to the administrator within the time limited by act of November 20, 1828, section 39, will absorb the whole of the fund in his hands, and that this fund came from the sale of real estate, made purposely for the payment

of those debts and such others as might afterwards be presented, being valid claims upon the fund—such, for example, as claims of persons under the disabilities mentioned in the statute.

The case of Hart vs. Bostwick, 14 Fla. R. p. 172, sets at rest the question of the statute of limitations, as it is in that case held that there was no statute of limitations in force in this State from December 13, 1861, up to the time of the institution of that suit, and upon the ruling in that case, without anything further, the judgment of the court below in this case must be reversed.

But independently of this, and even though a statute of limitations had been in force, and might be pleaded to an action at law, yet it should not be allowed to operate in respect to the creditors entitled to this fund, this fund having been raised from the sale of the intestate's estate for the purpose of paying these claims, and which should be diverted to no other purpose. And in respect to this fund, the administrator holds the position simply of a trustee for the creditors, especially those who presented their claims within the two years, these claims having been admitted and dividend made thereon. Against claims thus situated, the statute of limitations does not run so as to deprive the creditors of a *pro rata* distribution of the fund.

In respect to the rights of creditors who did not present their claims within two years after the publication of notice by the administrator, we intimate no opinion, as they are not necessarily involved in the decision of this case, the claims which were actually presented within the time being so much in excess of the fund in the hands of the administrator.

The judgment of the court below is reversed, and it is ordered that the cause be remitted and that judgment be there entered for the defendant with costs.

WESTCOTT, J.

I concur in the conclusion of the court, but desire to express no opinion beyond deciding that there was no statute of limitation in force. No such statute being in force, the estate must be absorbed by the creditors, and the order directing a payment to the heir is erroneous.