**IN THE MATTER OF THE ESTATE OF MARY SHAMBOW, W. L. SHAMBOW, JOHN P. SHAMBOW, MARY J. HELM, joined by her husband, CARL H. HELM, and LESTER G. SHAMBOW, v. GEORGE H. SHAMBOW, individually and as administrator of the Estate of Mary Shambow, deceased.**

15 So. (2nd) 837                              June Term, 1943
December 7, 1943                             Special Division B
Rehearing Denied December 14, 1943

*George P. Garrett* and *Lawrence Rogers,* for appellants.

*E. W. & R. C. Davis* and *Murray W. Overstreet,* for appellee.

ADAMS, J.:

This is a companion case to Shambow v. Shambow this day filed. A full statement of this case appears in our opinion filed on a former appeal. Shambow v. Shambow, 149 Fla. 278, 5 So. (2nd) 454. When the mandate went down the county judge proceeded to take additional testimony agreeable to our opinion. Subsequently appellants filed a petition to charge appellee with rent and other charges and thereafter demanded a jury trial on appellee's claim which demand was disallowed. The county judge allowed the claim of appellee's in the sum of $5488.14 and ordered the same paid and denied the petition of appellants to charge appellee with rent and other charges. Upon the failure of the circuit court to disturb such rulings the judgment of the circuit court is appealed here.

Taking up for consideration this case where we left off on its former appearance here, the question arises whether the

appellee has proven his claim. We have considered the evidence and find it ample to sustain the judgment.

It is urged that it was erroneous to allow the claim for services rendered previous to within three years of the mother's death. Such is not the law because the statute of limitations does not begin to run until the debt is due and in this case no money was due until after the mother's death.

It is claimed that appellants had a constitutional right to a jury trial in a court of competent jurisdiction. It is fundamental that constitutional rights which are personal may be waived. Waiver may be expresed or implied. We do not decide the question, however, because the history of this litigation, as revealed by the records on appeals here, shows most clearly that appellants waived whatever rights they may have had.

The judgment is affirmed.

BUFORD, C. J., THOMAS and SEBRING, JJ., concur.