HORTON, Chief Judge.
This is an interlocutory appeal from an order in chancery denying the appellant’s motions to strike and to dismiss a cross claim filed by appellee in a suit to partition real and personal property. The cross claim in substance alleged the invalidity of the deed under which appellant, by his complaint, sought partition. The ground of the invalidity claimed was the alleged false representation of the appellant that he would, in consideration of appellee’s services to him as a practical nurse and her conveyance to him of an undivided one-half interest in her home, make a last will and testament leaving all his worldly possessions to the appellee; that appellee conveyed the real property as agreed, took the appellant into her home to live, rendered him practical nursing services and in every way performed the terms of their oral agreement; that notwithstanding her compliance with the agreement, the appellant had breached said agreement by cancelling a former will which left everything to ap-pellee, by removing her name from certain *703 bank deposits and depriving her of the use of a jointly owned automobile. Appellee prayed for a cancellation of the conveyance of the real property, compensation for her services as a practical nurse, fair compensation as rental for the use of her home, and the right of either party to purchase the interest of the other in the automobile upon a determination of its fair market value.
The appellant’s motion to strike was upon the sole ground that the matters and things alleged were not proper subject matter of a cross claim, whereas the motion to dismiss urged the ground of failure to state a cause of action. The chancellor denied both motions and this appeal followed.
Basically, the appellant seeks reversal upon two grounds, i. e., (1) that a cross claim does not lie in a partition suit, and (2) that oral agreements to make a will of real or personal property are unenforceable under the provisions of § 731.051, Fla.Stat., F.S.A.
Under the first ground, the appellant relies upon the case of Koon v. Koon, 55 Fla. 834, 46 So. 633, 635, wherein the Supreme Court of Florida said:
“It would seem that as a general rule a cross-bill in a partition suit is neither necessary nor proper.”
There appears to be no statutory prohibition against the filing of a cross claim or an answer seeking affirmative relief in a partition action. The foregoing principle in the Koon case, as a general proposition, is sound, but as subsequently applied by the Supreme Court of Florida under circumstances in particular cases, it demonstrates the exceptions thereto. The facts of the Koon case clearly point up the application of the general rule. In that case one of the defendants, by cross bill, sought to bring before the court property and parties different from those in the bill of complaint.
In Farrell v. Forest Inv. Co., 73 Fla. 191, 74 So. 216, 221, 1 A.L.R. 25, the Supreme Court was confronted with a bill of complaint praying for the partition of land, accounting between partners, the establishment of a resulting trust and the surcharging of a partnership account. In disposing of an objection that the bill was multifarious, the court said:
“Those questions arose out of the relations existing between complainant and defendant at the time when the im cidents occurred giving rise to the differences between them. * * * The accounting prayed for in this transaction of the defendant was the other matter concerning which complainant asked relief. It was incident to the .main purpose of the bill, and grew out of the relations of the parties as coten-ants of the lands sought to be partitioned.” (Emphasis supplied.)
See also Gracy v. Fielding, 71 Fla. 1, 70 So. 625; Lovett v. Lovett, 93 Fla. 611, 112 So. 768, 777; Miller v. Griffin, 99 Fla. 976, 128 So. 416, 419; Williams v. Ricou, 143 Fla. 360, 196 So. 667, 669; Garrett v. Potter, 160 Fla. 707, 36 So.2d 374, 375; Potter v. Garrett, Fla.1951, 52 So.2d 115; and Burney v. Dedge, Fla. 1952, 56 So.2d 715. Although appellee may have improperly designated her pleading as a cross claim, nevertheless it alleged equities and transactions between the parties that grew out of the establishment of the cotenancy in the real property and as such furnishes a basis for the chancellor to determine all the issues arising from those transactions.
The appellant’s second ground urges the unenforceability of the contract by reason of the provisions of § 731.051, supra. The allegations of appellee’s pleading is that “during the summer of 1956,” her services as a practical nurse, etc., were requested by the appellant and “the said plaintiff and cross defendant, Efroim Max Robinson, did agree and promise to pay defendant and cross plaintiff for her services in the manner hereinafter stated, * * There followed the terms of the alleged agreement, her alleged compliance therewith by the rendition of services to appellant, and *704 the transfer of her real property to their joint names. Whether appellee can prove by competent evidence the allegations of her claims is beside the point. The question is' whether under the allegations of her pleadings, that an executed contract existed between the parties, the provisions of § 731.051, supra, would render the same unenforceable. We do not think they would. The constitutionality of this statute is not before us. Therefore, we conclude that the contract as alleged is not affected by the provisions thereof. See Keith v. Culp, Fla.App.1959, 111 So.2d 278, 280.
Concluding as we have that the chancellor was correct in denying the appellant’s motions to strike and to dismiss, it follows that the order appealed from should be and it is hereby affirmed.
Affirmed.
PEARSON and CARROLL, CHAS., JJ., concur.