135 So.2d 445 (1961)
Efroim Max ROBINSON, Appellant,
v.
Elizabeth MALIK, Appellee.
No. 61-135.
District Court of Appeal of Florida. Third District.
December 18, 1961.
L.J. Cushman, Miami, for appellant.
Gladys Irene White, Miami, for appellee.
Before HORTON, BARKDULL and HENDRY, JJ.
BARKDULL, Judge.
Appellant, as plaintiff below, filed a complaint for partition against the appellee, as defendant below. The defendant filed an answer and cross-claim for damages in the nature of compensation due her for services rendered to the plaintiff, and suit to quiet title to the property involved, which pleadings were reviewed and approved by this court in Robinson v. Malik, Fla.App. 1959, 115 So.2d 702. Thereafter, on final hearing, the plaintiff adduced evidence to support his complaint but did not offer any evidence in defense of the cross-claim, awaiting the cross-claimant going forward with her proof. The defendant then proceeded on proof of her cross-claim as to alleged compensation due her, and to establish her quiet title suit. Whereupon, before the cross-claimant completed her cause and rested her case, the chancellor announced the following:
"The Court: All right, I am ready to rule. I don't care whether anybody is finished or not. I am through."
The chancellor, without further testimony or evidence, entered the final decree appealed from, declaring the defendant and plaintiff the joint owners of the real and personal property, partition of which was sought, and declared the defendant to be a one-half owner in all the assets of the plaintiff, whether situated in this State or not.
The appellant-plaintiff assigns many errors as to the chancellor's actions in entering the final decree, only one of which is necessary to consider in reaching a determination that this cause must be reversed; i.e., upon the errors assigned and the point argued thereon, that the plaintiff was denied due process of law as guaranteed by § 12 of the Declaration of Rights of the Constitution of the State of Florida, F.S.A. It is apparent from this record that the final decree goes beyond the issues framed in the pleadings and beyond the proof adduced. Therefore, it is a clear departure from the requirements of due process of law, particularly when the plaintiff was not permitted to have his day in court in defense of the cross-claim. See: Fiehe v. R.E. Householder Co., 98 Fla. 627, 125 So. 2; City of Coral Gables v. Certain Lands, etc., 110 Fla. 189, 149 So. 36; Ryan's Furniture Exchange v. McNair, 120 Fla. 109, 118, 162 *446 So. 483; State ex rel. Munch v. Davis, 143 Fla. 236, 196 So. 491; 6 Fla.Jur., Constitutional Law, §§ 320, 322.
The final decree is therefore reversed and the matter is remanded with directions to the chancellor to proceed with a final hearing on the issues as framed by the pleadings.
Reversed and remanded with directions.