151 So.2d 463 (1963)
Maria K. BUENGER, Appellant,
v.
James E. KENNEDY, Jr., as Administrator of the Estate of Frank Leinart, Deceased, Appellee.
No. 3599.
District Court of Appeal of Florida. Second District.
March 13, 1963.
Rehearing Denied April 11, 1963.
*464 Jack Clark of Harris, Wing & Clark, St. Petersburg, for appellant.
Richard F. Logan of Ellis, Logan & Page, St. Petersburg, for appellee.
SHANNON, Chief Judge.
From a summary judgment dismissing her complaint the plaintiff appeals. The plaintiff alleges and makes part of her complaint her original creditor's claim against the Estate of Frank Leinart, Deceased, in which it is stated:
"1. Decedent entered into an oral contract with the claimant, MARIA K. BUENGER, in the State of New York in 1954, whereby the decedent and the claimant contracted for the claimant to abandon her home in New York, accompany the decedent to Florida to perform services for the decedent for the remainder of decedent's life. That in consideration therefor the decedent agreed to place the whole of his estate located in the State of Florida in trust for the claimant, or in the alternative to execute a Will, in proper form, bestowing all of said property upon the claimant. That the claimant, MARIA K. BUENGER, agreed to said offer, and accepted said contract in the State of New York; abandoned her home in New York, accompanied the decedent to Florida and performed valuable services for the decedent as she had contracted to do until the decedent's death on November 15, 1960. That up to this time no Trust has been discovered for the benefit of claimant, MARIA K. BUENGER, and no Will has been discovered for the benefit of MARIA K. BUENGER by the decedent, FRANK LEINART.
* * * * * *

*465 "2. Claimant, MARIA K. BUENGER performed valuable services for the decedent from November 1954 until the decedent's death on November 15, 1960. Said services consisted of preparing meals, keeping decedent's home in proper order and caring for all of decedent's personal wants and desires, and otherwise caring for decedent on a full time basis. That the reasonable value of said services which were rendered by the claimant to the decedent is $74,880.00."
The defendant, by his answer setting out affirmative defenses, alleges: 1) that the oral contract was made in New York and under the statutory law of that state is void; and 2) that the bar of the statute of limitations placing a one year limit for wages under Sec. 95.11(7) (b), Fla. Stat., F.S.A., applies. Also, defendant had in the record certain portions of the statutory law of the State of New York, which reads, in part, as follows:
"1. That Personal Property Law of the State of New York, Section 31, Part 2 of that Act, passed in 1909 and amended in 1943, is entitled `Agreements required to be in writing ' and reads as follows:
"`Every agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking; * * *.
* * * * * *
"`7. Is a contract to bequeath property or make a testamentary provision of any kind;
"`8. Is a contract to establish a trust;' * * *"
In regard to the summary decree, the court below stated, in part:
"Defendant is entitled to summary decree dismissing Paragraph numbered 1. of Creditor's Claim, constituting Count One of Plaintiff's Complaint, as a matter of law on the defenses contained in the Answer. Said claim being based upon an oral contract, entered into in the State of New York, to make a testamentary provision or to establish a trust, is rendered void under the provisions of New York Personal Property Law, Article 3, Section 31(7)-(8).
"Defendant is entitled to summary decree dismissing Paragraph numbered 2 of Creditor's Claim, constituting Count Two of Plaintiff's Complaint, insofar as said claim relates to personal services performed prior to November 15, 1959, in that such claim is barred as a matter of law by the one year Statute of Limitations pertaining to wages, to-wit: Florida Statutes Section 95.11(7) (b)."
In this appeal we have but two questions: 1) Is the contract to be construed under the law of New York or of Florida? 2) Is a claim for services governed by the one year or three year statute of limitations of Florida?
Under the statutory law of New York the promise to create a trust, either inter vivos or testamentary, or to make a Will to compensate for the services to be performed, is void. It is a question here of where this contract was made. In her creditor's claim the appellant alleges that the contract was made in the State of New York in 1954, irrespective of where she was to perform the same, and, as her creditor's claim states, she accepted the contract in the State of New York and thereafter abandoned her home in that State and came to Florida, and actually performed the services in Florida. In the case of Castorri v. Milbrand, Fla.App. 1960, 118 So.2d 563, this court had a similar question, and disposed of it contrary to the appellant's view. Judge Allen, speaking for the court in the Castorri case, said:
"The court, therefore, adheres to the above statement that the law of the *466 place where the contract was made determines the validity of the contract in the instant case. Having noted that the statute of frauds of Michigan has been interpreted as making satisfaction of the statute essential to the binding character of the promise, and no action can be maintained on an oral promise there made in that state, we accordingly hold that such an action cannot be maintained in Florida on the oral contract entered into in Michigan."
The Castorri case cites Scudder v. Union National Bank, 1876, 91 U.S. 406, 23 L.Ed. 245, noting that the Florida Supreme Court has cited the Scudder case with approval. In his opinion Judge Allen says:
"No area in the field of Conflict of Laws is more confused than that concerning the general validity of contracts such as is presented in the instant case. When substantive rules of law are in question it becomes necessary to determine where the last act necessary to the completion of the contract was done. Leeflar, the Law of Conflict of Laws, section 122. Since the locus of the contract is not in dispute in the instant case, the sole remaining question is which state law is applicable. The Supreme Court of the United States has laid down the following rules in reference to the law governing contracts in cases in which the place of making and the place of performance are not the same: (1) matters bearing upon the execution, interpretation, and validity are determined by the law of the place where the contract is made; (2) matters connected with the performance are regulated by the law of the place where the contract by its terms is to be performed; and (3) matters relating to procedure depend upon the law of the forum. Scudder v. Union National Bank, 1876, 91 U.S. 406, 23 L.Ed. 245."
Under the law as it is in Florida at this time we must hold that the law of New York controls, which law makes the contract void. And "[t]he validity or invalidity so determined will generally be recognized wherever it is sought to be enforced, even though the law of the forum would have determined otherwise if applied, * * *". 11 Am.Jur., Conflict of Laws, Sec. 117. Therefore, we must hold the contract void in this state. It should be noted that Sec. 731.051, Fla. Stat. 1957, F.S.A., would also make the agreement invalid if entered into subsequent to 1957.
We come now to the second point on appeal, having to do with the statute of limitations. Previously, suits in quantum meruit, such as we have here, have been governed by Sec. 95.11(5) (e), Fla. Stat., F.S.A., which states:
"(5) Within three years. 
* * * * * *
"(e) And an action upon a contract, obligation or liability not founded upon an instrument of writing, including an action for goods, wares and merchandise sold and delivered, and on store accounts."
However, in 1943, Sec. 95.11(7) (b) was passed. It provides:
"(7) Within one year. 
* * * * * *
"(b) Suits for recovery of wages, overtime, or damages and penalties accruing under laws respecting the payment of wages and overtime."
We have found various cases concerning our present situation, decided both before and after the enactment of Sec. 95.11(7) (b), all of which apply the three year statute. Schenkel v. Atlantic National Bank of Jacksonville, Fla.App. 1962, 141 So.2d 327; Briggs v. Fitzpatrick, Fla. 1955, 79 So.2d 848; and Shambow v. Shambow, 1943, 153 Fla. 762, 15 So.2d 837. These cases do not consider the one year statute, as it was obviously not urged. And we have found no cases construing the statute in our situation.
However, we cannot here ignore the plain language of Sec. 95.11(7) (b), i.e., "[s]uits *467 for recovery of wages, * * *". It was the chancellor's interpretation, and we agree, that appellant's claim is, in essence, a suit for the recovery of wages due for personal services rendered. And we cannot disagree with his finding that the one year statute applies. There seems to be some doubt as to its applicability in situations such as this, but when the legislature uses language seemingly so clear, we must follow its logical import.
We have therefore concluded that the one year statute is applicable in this case instead of the three year statute.
Affirmed.
KANNER and ALLEN, JJ., concur.