162 So.2d 321 (1964)
Harry L. KEEL, Appellant,
v.
Orville L. BROWN, Appellee.
No. 3813.
District Court of Appeal of Florida. Second District.
March 13, 1964.
Rehearing Denied April 7, 1964.
*322 Joseph L. Cardozo, Jr., of Berry & Cardozo, Sarasota, for appellant.
Henry P. Trawick, Jr., of Kirk, Pinkerton, Sparrow, Trawick & McClelland, Sarasota, for appellee.
SMITH, Chief Judge.
The appellant was plaintiff in the lower court; the appellee was defendant. This is an appeal from a final judgment in favor of defendant.
Plaintiff had originally filed his complaint in chancery, alleging the existence of a partnership between the parties and praying for dissolution and an accounting. The cause came on for final hearing, whereupon the Chancellor found that no partnership had existed; but the court retained jurisdiction to determine the compensation, if any, that the plaintiff should receive by virtue of services rendered to the defendant during the course of the business relationship between them. The Chancellor's decree also provided that the parties could offer further testimony for presentation to the court on the question of such compensation, if any. Subsequently, upon further hearing, the Chancellor entered an order to the effect that plaintiff had not proved a cause of action in equity and thereupon transferred the cause to the law side of the court, with leave to plaintiff to there file an amended complaint.
The amended complaint at law alleged substantially the same ultimate facts alleged in the prior complaint in chancery and then alleged facts upon which plaintiff sought damages for the reasonable value of his services to defendant. Among other defenses in his answer, defendant set up the Statute of Limitations. After trial without jury, the court found that plaintiff's claim was barred by the Statute of Limitations, and final judgment was rendered in favor of defendant. It is from this final judgment that plaintiff appeals.
Plaintiff-appellant first contends that the lower court erred in determining that the one-year period of limitation imposed by § 95.11(7) (b), Florida Statutes, F.S.A., was applicable to plaintiff's claim. That particular question was resolved by this court adversely to this plaintiff's position in Buenger v. Kennedy, Fla. App. 1963, 151 So.2d 463, a case decided subsequent to the filing of the instant appeal.
Plaintiff next contends that under the circumstances here his amended complaint at law related back to the date of the filing of his original complaint in chancery, at which time the one-year period had not expired. Appellee concedes that, if the plaintiff does have a cause of action, the same accrued within one year prior to the filing of the complaint in chancery. Thus, there remains for our determination only the question as to whether or not the amended complaint at law related back to the date upon which plaintiff filed his original complaint in chancery.
It should be noted that this cause was transferred from the chancery side to the law side of the court under the authority of Rule 1.39(a), Florida Rules of Civil Procedure, 30 F.S.A. This rule, in addition to directing such a transfer, provides that after said transfer, "The case shall proceed as though originally instituted on the proper side of the court." The transfer from chancery to law is therefore of no material consequence in resolving the precise question before us.
Rule 1.15(c), Florida Rules of Civil Procedure, is as follows:
"Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence *323 set forth or attempted to be set forth in the original pleading, the amendment shall relate back to the date of the original pleading."
The foregoing rule is identical to Rule 15(c), Federal Rules of Civil Procedure. In discussing the interpretation and application of the Federal Rule, Professor Moore has said:
"* * * If the original pleading gives fair notice of the general fact situation out of which the claim or defense arises, an amendment which merely makes more specific what has already been alleged generally, or which changes the legal theory of the action, will relate back even though the statute of limitations has run in the interim."
3 Moore's Federal Practice, 2d ed., p. 852. See also: United States v. Johnson, 5 Cir.1961, 288 F.2d 40.
Appellee relies on numerous decisions by the Florida Supreme Court on the relation back of amendments. These decisions were rendered prior to the adoption of the 1954 Florida Rules of Civil Procedure and are not now controlling. By the adoption of the Rules, Florida assumed the more liberal attitude toward pleading, practice and procedure, and it was intended that the former, technical rules would be materially changed. Thus, as we view it, the proper test of relation back of amendments is not whether the cause of action stated in the amended pleading is identical to that stated in the original (for in the strict sense almost any amendment may be said to be a change of the original cause of action), but whether the pleading as amended is based upon the same specific conduct, transaction, or occurrence between the parties upon which the plaintiff tried to enforce his original claim. If the amendment shows the same general factual situation as that alleged in the original pleading, then the amendment relates back  even though there is a change in the precise legal description of the rights sought to be enforced, or a change in the legal theory upon which the action is brought.
In the case at bar, the plaintiff originally alleged a series of transactions between the parties under the legal theory that a partnership was thereby created. His amended complaint at law alleged substantially the same transactions between the parties and advanced the theory that the defendant was indebted to the plaintiff for the reasonable value of the services rendered by the plaintiff to the defendant at the latter's request in the course of these transactions. Rule 1.15(c) had the effect of relating back the amended complaint at law to the date of the original complaint in chancery. The court erred in sustaining the defendant's defense of the Statute of Limitations.
In endeavoring to counteract the force of plaintiff's argument on appeal, the defendant-appellee takes the position that the lower court erred in entering that part of the decree in chancery by which jurisdiction of the cause was retained after determining that no partnership had existed between the parties. The defendant asserts further that the lower court "continued this error" by entering the subsequent order by which the cause was transferred to the law side of the court, instead of dismissing the same with prejudice. No matters pertaining to the orders entered in chancery were assigned as error by the plaintiff, and the defendant has not filed cross-assignments of error. Thus, the rulings complained of by defendant are not properly before this court for review. See Rule 3.5 (b), Florida Appellate Rules, 31 F.S.A. The alleged errors are not jurisdictional; nor are they so fundamental as to permit this court to notice them notwithstanding the failure of the defendant to properly preserve the questions for review. Rule 3.7(i), Florida Appellate Rules.
The judgment is reversed with directions to grant the plaintiff a new trial.
ALLEN and SHANNON, JJ., concur.