CARROLL, Judge.
This is the third appeal in this case. See Robinson v. Malik, Fla.App.1959, 115 So.2d 702, and Robinson v. Malik, Fla. App.1961, 135 So.2d 445. The present appeal is taken by the plaintiff below from the final decree.
The suit was commenced by Efroim Robinson against Elizabeth Malik for partition of certain residence premises and an automobile. The defendant filed a counterclaim, which she designated as a cross claim, in which she claimed the property and sought to recover for services (caring for) the plaintiff on his promises to compensate her. The facts and matters in controversy are shown in sufficient detail in the opinions of this court on the two earlier appeals.
The decree now on appeal, rendered on final hearing, denied partition, held that the real estate was the property of the de *20 fendant; awarded the automobile to the plaintiff with credit to the defendant for her interest therein; and found the defendant was entitled to a net amount of $10,281.91 for her services.
The appellant makes four points, which on consideration this court finds to be without merit. Appellant argues there should have been a jury trial on the counterclaim. The cross-plaintiff had requested it, but withdrew the request before trial. Withdrawal thereof without cross-defendant’s consent would not have deprived the latter of the right to a jury trial (Rule 2.1(d), F.R.C.P., 31 F.S.A.), but it appears the matter proceeded to trial before the chancellor without objection. The final decree first rendered was reversed (135 So.2d 445) and trial was resumed without a jury before objection. Under the circumstance the right was waived. See May v. Arnold Construction Company, Fla. 1955, 78 So.2d 705, 707. The one year statute of limitations for suits for recovery on wages (§ 95.11(7) (b), Fla.Stat., F.S.A.) which was held to be applicable to actions to recover for services of the kind involved here (Buenger v. Kennedy, Fla.App. 1963, 151 So.2d 463) is relied on by the appellant, but the record in this case fails to show it should be applied here. This is so because it is not disclosed that more than a year elapsed between the accrual of the cause of action for the services and the proceeding for recovery thereon. The third and fourth points have to do with rulings of the chancellor based on his determination of the facts. The appellant has failed to demonstrate that the chancellor’s findings do not have adequate support in the record or that such rulings are clearly wrong. They come here aided by a presumption of correctness which the appellant has not dispelled.
No reversible error having been made to appear, the decree appealed from is hereby affirmed.
Affirmed.