PER CURIAM.
A defendant-counterclaimant filed this appeal from an interlocutory order entered in a suit for partition granting plaintiff’s motion to strike and to dismiss his counterclaim.
Appellee filed suit in equity for partition of a section of land in Dade County. The appellant, John M. Murrell, named as one of the defendants, counterclaimed seeking to set aside the deed under which the plaintiff claimed interest in the property sought to be partitioned, and to set aside, as against the plaintiff and the defendant William G. Blanchard, Jr. certain deeds to other lands. We hold the chancellor committed error in granting the motion to strike and in dismissing the counterclaim.
Under rule 1.13(2) Fla.R.C.P., 30 F.S.A. the counterclaim was authorized. That rule provides that a defendant may “state as a counterclaim against the plaintiff, any claim, within the jurisdiction of the court, not arising out of the transaction or occurrence that is the subject matter of the plaintiff’s claim.” The filing of a counterclaim in a suit for partition is not prohibited. See Robinson v. Malik, Fla.App.1959, 115 So.2d 702.
It was brought out that the counterclaim presented issues of considerable magnitude, and it was argued on behalf of the appellees that to have allowed the counterclaim to remain in the suit would have impeded and unduly prolonged trial and disposition of the plaintiff’s suit for partition. That argument has no application to the attempt by counterclaim to set aside the deed under which the plaintiff claimed the right to proceed in partition. To the extent that the counterclaim states a separate cause or *366 causes of action relating to properties not involved in the partition suit, it would be within the discretion and province of the chancellor to try the causes of action separately (rule 3.7 Fla.R.C.P., 31 F.S.A.) and thus avoid any undue delay in trial of the issues involved on the partition.
For the reasons stated the order appealed from is reversed. ■