REED, Judge.
Lily Goehring, the plaintiff in the trial court and the appellant here, filed this appeal from a final judgment of the Court of Record for Broward County, Florida, which dismissed with prejudice her amended complaint.
The action below was commenced on 20 September 1967. On 22 November 1967 the plaintiff filed an amended complaint which alleged that she had been employed by the defendant Broward Builders Exchange, Inc. as an executive secretary for the period of one year from 1 July 1965 at an annual salary of $12,000.00. In violation of this contract, the defendant terminated the plaintiff’s employment on 17 February 1966 at which time, she claims, $4,500.00 was due her in wages for the remainder of the fiscal year.
On motion of the defendant, the trial court dismissed the amended complaint by an order stating that the plaintiff’s claim was barred by the one year period of limitations established by Section 95.11(7) (b), F.S.1967, F.S.A. The sole issue on this appeal is whether or not the trial court erred in dismissing the amended complaint on the basis of Section 95.11(7) (b), F.S.1967, F.S.A.
Section 95.11(7) (b), F.S.1967, F.S.A., reads as follows:
“(7) Within one year.' —
"* * * * * *
“(b) Suits for the recovery of wages, overtime, or damages and penalties accruing under laws respecting the payment of wages and overtime.”
This language was added to F.S. Section 95.11, F.S.A. by Chapter 21892, Section 1, Laws of Florida, 1943. Prior to that enactment F.S. Section 95.11, F.S.A., provided three distinct limitation periods for actions *802 on contracts. For contracts in writing and under seal, the period of limitations was twenty years; for contracts in writing but not under seal, five years; and for contracts not founded upon an instrument in writing, three years. See 7 Florida Statutes Annotated, § 95.11, page 209, History and Source of Law. It will be noticed that under that statutory scheme, the periods of limitation for contract actions varied with the form — not the substance— of the contracts.
The question we must resolve is whether or not Chapter 21892, Section 1, Laws of Florida, 1943, created a fourth limitation period applicable to a particular type of contract, i.e., a contract for the payment of wages. If it did, it would certainly constitute a departure from the pre-existing statutory scheme which based the limitation periods for contracts not on the substance of the contracts, but on the form.
The answer to this question depends on the construction to be given the words, “accruing under laws respecting the payment of wages and overtime”, as they appear in Chapter 21892, Laws of Florida, 1943. Without doing violence to any fixed rule of grammar, the quoted words could be construed to modify (1) the immediately preceding word, “penalties”; (2) the words “damages and penalties”; or (3) equally, the words “wages”, “overtime”, “damages”, and “penalties”.
 Wherever possible, a statute should be construed to avoid a conflict with other statutes covering the same general subject and thus allow each a reasonable sphere of operation. Markham v. Blount, Fla.1965, 175 So.2d 526. The law favors a reasonable interpretation of statutes and one which avoids mischievous or absurd results. Tower Credit Corporation v. State, Fla.App.1966, 187 So.2d 923.
If we were to adopt the first or second construction suggested above, it would follow that Section 95.11(7) (b), F.S.1967, F.S.A., imposes a one year period of limitations on suits for the recovery of wages accruing under an employment contract a nd the plaintiff’s claim would be barred. But this interpretation of Section 95.11(7) (b), F.S.1967, F.S.A., places it in conflict with the earlier enacted provisions of F.S. Section 95.11, F.S.A., which afforded greater periods of limitation for actions on contracts. Furthermore, such an interpretation attributes to the legislature what we believe is unreasonable intent, that is, to single out contracts for the payment of wages — regardless of the form any such contracts might take — and impose on them a shorter period of limitation than is accorded all other contracts.
For the foregoing reasons, we conclude that the clause “accruing under laws respecting the payment of wages and overtime” appearing in Section 95.11(7) (b), F.S.1967, F.S.A., refers equally to the words, “wages”, “overtime”, “damages” and “penalties”, which immediately precede it. As thus interpreted, Section 95.11(7) (b), F.S.1967, F.S.A., does not apply to actions for the recovery of wages accruing under a contract. We conclude that the trial court erred in dismissing the amended complaint on the ground that the claim asserted therein was barred by that one year statute of limitation.
We are aware of the decisions from other districts which may be at variance with the conclusion we have reached. Buenger v. Kennedy, Fla.App.1963, 151 So.2d 463; Keel v. Brown, Fla.App.1964, 162 So.2d 321; Robinson v. Malik, Fla.App.1964, 164 So.2d 19; France v. Ross, Fla.App.1964, 165 So.2d 780; and Miami Beach First National Bank v. Borbiro, Fla.App.1967, 201 So.2d 571; cf. Briggs v. Fitzpatrick, Fla.1955, 79 So.2d 848, and Schenkel v. Atlantic National Bank of Jacksonville, Fla.App.1962, 141 So.2d 327. Respectfully, we take a different view of the statute in question.
The finál judgment appealed from is reversed and the cause remanded for further proceedings in the trial court.
Reversed.