270 So.2d 422 (1972)
Bedros AZAROGLU, Appellant,
v.
Gladys B. JORDAN et al., Appellees.
No. 72-136.
District Court of Appeal of Florida, Third District.
December 12, 1972.
Rehearing Denied December 21, 1972.
Walsh, Nottebaum & Laks and Robert R. White, Miami, for appellant.
McCune, Hiaasen, Crum, Ferris & Gardner and Davis W. Duke, Jr., Ft. Lauderdale, for appellees.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Plaintiff-appellant, Bedros Azaroglu, seeks review of an adverse final judgment in a proceeding to recover approximately $29,000 in back wages from his deceased employer's estate.
The decedent, Harry M. Burt, was instrumental in assisting plaintiff to come to the United States and once in the United States Burt helped find him employment. In addition an oral agreement was made between plaintiff and decedent which provided that plaintiff would receive one hundred dollars per week for the performance of various personal services for Burt. Burt died on November 8, 1969 and plaintiff, following publication of the notice to creditors in August 1970, timely filed a claim against the estate in October 1970 for back wages allegedly unpaid since 1963 in the amount of $28,976.85. Plaintiff's claim was not paid by the executors and the cause came on for trial on January 8, 1971, at which time the court found that plaintiff's action was barred by F.S. § 95.11(7)(b), F.S.A., which set a one year time limit for actions to recover wages. Thereafter this appeal ensued.
Plaintiff urges this court to find that the compensation sought was a salary as distinguished from a wage thereby making the statute of limitations inapplicable. Broward Builders Exchange, Inc. v. Goehring, Fla. 1970, 231 So.2d 513. After careful review of the record on appeal we hold that the services performed by plaintiff were personal in nature, the money sought must be considered wages rather than salary and this action falls within the statute of limitations. Buenger v. Kennedy, Fla.App. 1963, 151 So.2d 463.
The only remaining issue on appeal is whether F.S. § 95.11(7)(b), F.S.A., completely bars plaintiff's action. Plaintiff maintains that his action is saved by the *423 fact that a timely claim was filed against decedent's estate in accordance with F.S. § 733.16(1), F.S.A., and the statute of limitations under F.S. § 95.11(7)(b), F.S.A., is tolled. Controlling in this situation is the case of Lucom v. Atlantic National Bank of West Palm Beach, 354 F.2d 51 (5th Cir.1965) which holds that in Florida when two statutes of limitation are applicable to a particular situation, both statutes limit the time in which an action may be brought and the dilatory litigant is caught by whichever runs first. As a result of this, plaintiff's claim against decedent's estate does not toll the application of F.S. § 95.11(7)(b), F.S.A., and the trial court correctly interpreted the interaction of these two statutes.
Accordingly the judgment herein appealed is affirmed.
Affirmed.