359 So.2d 538 (1978)
Charlotte JONES, Appellant,
v.
Lynn F. LUMMUS, Administrator Ad Litem for the Estate of Floss M. Kramer, Deceased, Appellee.
Nos. 77-1627, 77-1628.
District Court of Appeal of Florida, Third District.
May 30, 1978.
Rehearing Denied June 28, 1978.
*539 Gladson, Knecht & Sullivan and David A. Crowley, Coral Gables, for appellant.
Quinton, Leib & Lummus and James D. Adams, Miami, for appellee.
Before HENDRY, NATHAN and KEHOE, JJ.
KEHOE, Judge.
Appellant, defendant below, brings this appeal from a summary judgment entered by the trial court in favor of appellee. Appellant contends the court erred in holding that the filing of a timely claim against an estate, in accordance with the statutory procedure governing such claims, does not toll the running of the Statute of Limitations in regard to the time within which suit may be filed on the claim. We agree and reverse.
On July 9, 1973, appellant presented a timely claim against the estate of Floss M. Kramer for the reasonable value of certain services rendered by appellant to the decedent prior to her death. The claim was rejected by appellee on May 21, 1975. Thereafter, on June 18, 1975, appellant filed her complaint suing for the reasonable value of the services stated in her claim. The complaint alleges that Floss M. Kramer died on May 14, 1973; that Floss M. Kramer, at the time of her death, was indebted to appellant for services rendered in the form of nursing, boarding, lodging, counseling, advising, and for taking care of the decedent almost continuously from February, 1967 to May 9, 1973, but most intensively from February, 1971 through May 9, 1973. Appellee filed a motion for summary judgment on the sole grounds that, as a matter of law, the entire claim was barred by the Statute of Limitations. The trial court granted the motion and ordered that the estate go hence without day and recover its costs from appellant.
Counsel for appellee contends, which contention is clearly reflected by the record, that the learned trial judge based his ruling on our holding in Azaroglu v. Jordan, 270 So.2d 422 (Fla. 3d DCA 1972), wherein we held that the filing of a timely claim, pursuant to Section 733.16(1), Florida Statutes (1971) does not toll the running of the Statute of Limitations. However, in Miami Beach First Nat'l. Bank v. Borbiro, 201 So.2d 571 (Fla. 3d DCA 1967), this court upheld and followed the provisions of the probate code suspending the running of the Statute of Limitations against a claimant and substituting the non-claim procedure where a claimant files a timely claim against the estate. It appears that we have reached diametrically opposed results in these two cases based on indistinguishable factual situations. In the light of this dilemma, we now exercise our appellate prerogative and recede from the viewpoint expressed in Azaroglu and cede to the point of view expressed in Borbiro. This affirmation is compatible with a long line of cases holding that the presentation of a claim by a creditor to the administrator of an estate tolled the Statute of Limitations. See, e.g., Ramseyer v. Datson, 120 Fla. 414, 162 So. 904 (1935); Barnes v. Scott, 29 Fla. 285, 11 So. 48 (1892); Deans v. Wilcoxon, 25 Fla. 980, 7 So. 163 (1889); Bush v. Adams, 22 Fla. 177 (1886); Sanderson's Adm'rs. v. Sanderson, 17 Fla. 820 (1880); and McDonald v. Bogue, 14 Fla. 363 (1874). We are further persuaded by the arguments of Professors Fenn and Koren in commenting on Azaroglu as follows:
"... it seems most unfair to the creditor. He no longer can bring suit as an alternative to filing his claim. Having filed the claim, he should be entitled to expect `like proceedings had as in other claims against the estate' and not be required to devise some method of expediting or avoiding the non-claim procedure in order to establish his rights prior to the *540 running of the regular statute of limitation." H. Fenn & E. Koren, The 1974 Florida Probate Code  A Marriage of Convenience, 27 U.Fla.L.Rev. 615, 666 (1975).
Appellant, in her second point on appeal, contends that the trial court erred in applying a two year statute of limitations to her cause of action for personal services rendered the decedent. We disagree with this contention. Implicit within the trial court's order granting appellee's motion for summary judgment was a finding that appellant's cause of action for her personal services rendered was, in essence, an action for the recovery of wages due and, therefore, the statute of limitations for such actions was applicable. We agree with this proposition and, accordingly, have concluded that appellant's second point on appeal is without merit. See generally Keel v. Brown, 162 So.2d 321 (Fla. 2d DCA 1964); and Buenger v. Kennedy, 151 So.2d 463 (Fla. 2d DCA 1963).
Based upon the reasons and the authorities set forth above, and in the light of the applicable law, it is our opinion that the summary judgment appealed should be reversed and the cause remanded for further proceedings not inconsistent with this opinion.
Reversed and remanded.