363 So.2d 600 (1978)
Ansell JEFFERIES, Jr., Gloria D. Jefferies and First Federal Savings and Loan Association of the Palm Beaches, Appellants,
v.
H. Raymond CORWIN and J. Denham Corwin, Appellees.
No. 77-1383.
District Court of Appeal of Florida, Fourth District.
October 25, 1978.
William M. Holland of Holland & Smith, West Palm Beach, for appellants, Jefferies.
Douglas C. Zahm of Wood, Cobb, Murphy & Craig, West Palm Beach, for appellant, First Federal.
Arthur G. Wroble of Burns, Middleton, Farrell & Faust, Palm Beach, for appellees.
BERANEK, Judge.
This is an appeal from an order granting summary final judgment in favor of the plaintiffs/appellees. All parties here stipulated to the facts before the trial court and submitted to a resolution of the cause by summary judgment. The cause of action involved the foreclosure by the appellees of a vendor's lien on real property. The Jefferies, appellants, are the current owners of the property to which the lien is attached and First Federal Savings as holder of a mortgage on the land has joined as appellant.
*601 On October 5, 1967, Bertha Corwin conveyed the subject property to one Rosa McCray by warranty deed subject to a vendor's lien payable six months later. In 1969 Rosa McCray deeded the property to the Jefferies and in 1970 the Jefferies secured a mortgage loan on the property from First Federal Savings. In October, 1976, Bertha Corwin assigned her vendor's lien to the appellees herein who filed a complaint to foreclose the lien on November 11, 1976. Appellants asserted at summary judgment that § 95.281 Fla. Stat. limited action on the lien to five years from its date of maturity. The appellees countered that the foreclosure was an equitable proceeding governed by the doctrine of laches and not bound by statutes of limitation. The court granted summary judgment to the appellees foreclosing the lien. We reverse.
While we recognize that equitable proceedings are governed by laches rather than a strict application of the statute of limitations, the facts of the cause were stipulated to and no strong equities favoring appellees are apparent from the record. Unless strong equities compelling application of a different rule are made to appear, a court of equity should apply the statute of limitations in an equity suit with the same substantial effect and construction as it would receive at law. Tower v. Moskowitz, 262 So.2d 276 (Fla.3d DCA 1972). The trial court abused its discretion here in not applying the statute of limitations where no strong equities were present favoring appellees.
Reversed and remanded for further proceedings consistent with this opinion.
DOWNEY, C.J., and DAUKSCH, J., concur.