MILLS, Judge.
Roukous appeals from a final judgment which denied his $38,272 claim against the Estate because it was barred by the two-year statute of limitations. We affirm.
From 1970 to 1977, Roukous rendered a variety of personal services to the elderly Mrs. Kernan including acting as her driver, caring for her home, doing her shopping, seeing that her bills were paid, and acting as a general handyman. There was no agreement between Roukous and Mrs. Ker-nan that he would be compensated for these services.
In 1978, Mrs. Kernan received a visit from her daughter, Mrs. Frances Waugh. While there, Mrs. Waugh showed Mrs. Ker-nan’s will to Roukous. It contained a $35,-000 bequest to him, and it was his understanding that this bequest was to compensate him for all his years of service to Mrs. Kernan.
Mrs. Waugh allegedly told Roukous that Mrs. Kernan intended to make a new will and that he would not be a beneficiary under that will. She also allegedly told Roukous that he should make up a bill for his services and have it approved by Mrs. Kernan.
Roukous complied and presented a bill for $38,272 to Mrs. Kernan on 3 May 1978. She wrote “O.K. Ruby J. Kernan” at the bottom of the statement, but no payment was made on this debt.
Roukous filed a claim against the Estate which the trial court ultimately denied on authority of Broward Builders Exchange, Inc. v. Goehring, 231 So.2d 513 (Fla.1970).
We agree with the trial court and hold that this was a claim for wages which was barred by the two-year statute of limitations codified in Section 95.11(4)(c), Florida Statutes (1981). Goehring, id.; Buenger v. Kennedy, 151 So.2d 463 (Fla. 2d DCA 1963); Keel v. Brown, 162 So.2d 321 (Fla. 2d DCA 1964); Jones v. Lummus, 359 So.2d 538 (Fla. 3d DCA 1978).
Although this decision conflicts with Schenkel v. Atlantic National Bank of Jacksonville, 141 So.2d 327 (Fla. 1st DCA 1962), Schenkel was indirectly overruled by the Supreme Court in Broward Builders Exchange, supra, when it disapproved the holding in Goehring v. Broward Builders Exchange, Inc., 222 So.2d 801 (Fla. 4th *160 DCA 1969), and by implication adopted the holding in Buenger, supra.
Roukous argues that even if his claim was barred by the statute of limitations, Mrs. Kernan’s acknowledgment of the debt on 3 May 1978 acted to revive the claim. We do not agree. As the parties have agreed, this cause of action accrued when Mrs. Kernan signed the statement. Until that time, there was no debt because there was never an employer-employee relationship between Mrs. Kernan and Roukous during the period in which the services were rendered. Mrs. Kernan’s signature on the statement could not act to “revive” a previously nonexisting debt.
AFFIRMED.
THOMPSON and WIGGINTON, JJ., concur.