543 So.2d 332 (1989)
Peter A. BRIGGS, Appellant,
v.
The ESTATE OF Pauline GEELHOED, a/k/a Pauline F. Geelhoed, Deceased, by and through Its Personal Representative, Jewel Johnson, Appellee.
No. 88-0040.
District Court of Appeal of Florida, Fourth District.
May 10, 1989.
*333 John R. Williams, West Palm Beach, for appellant.
Nathan E. Nason of Nason, Gildan, Yeager & Gerson, P.A., West Palm Beach, for appellee.
HERSEY, Chief Judge.
In an action to foreclose a mortgage the trial court ruled in favor of the estate of the mortgagor, holding that laches barred enforcement of the promissory note and mortgage. The estate's defense against foreclosure was based upon a vague assertion of partial payment and the fact that both the mortgagor and the attorney who drew the note and mortgage were deceased.
It has generally been held that laches does not come into play until the period prescribed by the applicable statute of limitations has expired. Jefferies v. Corwin, 363 So.2d 600 (Fla. 4th DCA 1978). An exception to this rule applies when the equities of the situation demand that enforcement be barred. This occurs when an unreasonable delay results in prejudice to the rights of the party against whom enforcement of a debt or other obligation is sought. Jefferies, 363 So.2d at 601.
There is no evidence in this record to support a finding of prejudice. The suggestion that partial payment may have been made or that the two deceased witnesses, the mortgagor and the attorney, might have had something to offer in defense, is pure speculation. Accordingly, we hold preliminarily that unless the statute of limitations on this indebtedness had run, laches was not a viable defense.
A bit of background will assist in focusing on the issue which must next be addressed. Appellant, Peter Briggs, selected a piece of property and built a house on it for his mother-in-law, Pauline Geelhoed, so that she could live closer to Delores and Peter Briggs, her daughter and son-in-law. In payment for the house Geelhoed executed a promissory note in the amount of $10,500.00, secured by a mortgage on the property. No other details concerning the transaction or the mortgage are necessary to an understanding of the present legal problem since the parties agree that the final payment under the note and mortgage came due on January 1, 1981, the statute of limitations started to run from that date, and no payments were made against the indebtedness. (The unsupported allegation of partial payment is not material to our deliberations.)
*334 Geelhoed lived in the house until her death on October 5, 1985. The period permitted for enforcement of the note and mortgage by the statute of limitations was five years. § 95.281 Fla. Stat. (1985). This expired on January 1, 1986. Appellant filed his claim against the estate on May 2, 1986, five months after the claim would ordinarily have been barred by the statute of limitations. Appellant argues, however, that death of the debtor tolled the running of the statute so that the debt remained enforceable, subject only to the timely filing of a claim against the estate, and this latter he properly accomplished.
The pertinent provision of the probate code is section 733.104, Florida Statutes (1985), which provides:
(1) If a person entitled to bring an action dies before the expiration of the time limited for commencement of the action and the cause of action survives, the action may be commenced by his personal representative after the expiration and within 12 months from the date of the decedent's death.
(2) If a person against whom a cause of action exists dies before the expiration of the time limited for commencement of the action and the cause of action survives, claim shall be filed on the cause of action, and it shall then proceed as other claims against the estate, notwithstanding the expiration of the time limited for commencement of the action.
Appellees' position is that the operative event which tolls the running of a statute of limitations is the timely filing of a claim against the estate of the deceased debtor. Thus, here, where the statutory period expired on January 1, 1986, any claim thereafter filed would be barred by the statute.
There does not seem to be any clear answer in the cases or the literature to the precise issue presented by the facts of this case. We have studied the cases from other jurisdictions relied on by the parties, and various secondary authorities. The inquiry generally has been whether a claim, otherwise timely filed under the particular probate statute, tolls a statute of limitations. Seldom have either the courts or the legal commentators articulated a distinction between the fact of death and the filing of a claim as the triggering event for tolling a statute. We are required by the circumstances to do so here.
Taking a closer look at the statute, the following language from subsection (2) appears to support appellant's position:
(2) If a person ... dies before the expiration of the time limited for commencement of the action ... claim shall be filed ... and it shall then proceed... notwithstanding the expiration of the [statute of limitations].
The operative event or condition, established by the plain meaning of the extracted language, would appear to be the death of the debtor before the statute of limitations has run. Additional support for this position comes from the third district. In Jones v. Lummus, 359 So.2d 538 (Fla. 3d DCA 1978), the court held that the timely filing of a claim against an estate tolled the running of a statute of limitations. The Jones court receded from the viewpoint expressed in Azaroglu v. Jordan, 270 So.2d 422 (Fla. 3d DCA 1972), cert. denied, 275 So.2d 12 (Fla. 1973), that neither death nor the filing of a claim was effective to toll a statute of limitations. Because of the facts in Jones it was not necessary for the court to make a distinction between the events of "death" and "filing." However, the court adopted the position of its earlier case, Miami Beach First National Bank v. Borbiro, 201 So.2d 571 (Fla. 3d DCA), cert. denied, 207 So.2d 689 (Fla. 1967), where the event which tolled the running of the one-year statute of limitations applicable to the debt in question was the death of the debtor. As stated in Borbiro, "Since Frank [the debtor] died before the expiration of the one year period" the running of the statute was tolled. 201 So.2d at 572 (emphasis added).
The probate code appears to pinpoint the death of the debtor as the event which tolls the running of the statute of limitations applicable to enforcement of a particular debt. At least one other district court concurs in this position. Therefore, we so hold. Since the statute of limitations, having *335 been tolled, had not run and because no prejudice to the estate was established by the evidence, it was error to enter final judgment for the estate based upon application of the equitable defense of laches. The claim is not time barred and appellant is entitled to foreclose the mortgage.
REVERSED and REMANDED.
LETTS and GUNTHER, JJ., concur.