Mr. Harold Bazzel Bay County Clerk of Court 300 East Fourth Street Panama City, Florida 32401
Dear Mr. Bazzel:
You have asked for my opinion on substantially the following question:
May the clerk of court collect court costs authorized in section 39.019, Florida Statutes (1996 Supplement), for teen court?
In sum:
Until October 1, 1996, the clerk of court was authorized by section 39.019, Florida Statutes (1996 Supplement), to collect court costs for teen court. However, after that date, section318.121, Florida Statutes (1996 Supplement), prohibits the addition of this cost to civil traffic penalties imposed under Chapter 318, Florida Statutes.
Section 39.019, Florida Statutes (1996 Supplement), provides for the operation and administration of teen courts:
"In each county in which a teen court has been created, a county may adopt a mandatory cost to be assessed in specific cases as provided for in subsection (1) by incorporating by reference the provisions of this section in a county ordinance. Assessments collected by the clerk of the circuit court pursuant to this section shall be deposited into an account specifically for the operation and administration of the teen court:
(1) A sum of $3, which shall be assessed as a court cost by both the circuit court and the county court in the county against every person who pleads guilty or nolo contendere to, or is convicted of, regardless of adjudication, a violation of a state criminal statute or a municipal ordinance or county ordinance or who pays a fine or civil penalty for any violation of chapter 316. Any person whose adjudication is withheld pursuant to the provisions of s.318.14(9) or (10) shall also be assessed such cost. The $3 assessment for court costs shall be assessed in addition to any fine, civil penalty, or other court cost and shall not be deducted from the proceeds of that portion of any fine or civil penalty which is received by a municipality in the county or by the county in accordance with ss. 316.660 and 318.21. The $3 assessment shall specifically be added to any civil penalty paid for a violation of chapter 316, whether such penalty is paid by mail, paid in person without request for a hearing, or paid after hearing and determination by the court. However, the $3 assessment shall not be made against a person for a violation of any state statutes, county ordinance, or municipal ordinance relating to the parking of vehicles, with the exception of a violation of the handicapped parking laws. The clerk of the circuit court shall collect the respective $3 assessments for court costs established in this subsection and shall remit the same to the teen court monthly, less 5 percent, which is to be retained as fee income of the office of the clerk of the circuit court.
(2) Such other moneys as become available for establishing and operating teen courts under the provisions of Florida law."
Section 39.019, Florida Statutes (1996 Supplement), was created by section 2, Chapter 96-382, Laws of Florida. The act became law without the Governor's approval June 1, 1996, and took effect on July 1, 1996.[1]
During the same legislative session, revisions were made to the Florida Traffic Code, and section 318.121, Florida Statutes (1996 Supplement) was created to read:
"Preemption of additional fees, fines, surcharges, and costs. — Notwithstanding any general or special law, or municipal or county ordinance, additional fees, fines, surcharges, or costs other than the court costs assessed under s. 318.18(11)[2] may not be added to the civil traffic penalties assessed in this chapter."
Thus, section 318.121, Florida Statutes (1996 Supplement), recognizes the continued imposition of those fees, fines, surcharges, and costs contained in Chapter 318, Florida Statutes, but limits the assessment of additional costs to those set forth in section 318.18(11), Florida Statutes (1996 Supplement).
Like the teen court legislation, the revisions to section 318.121, Florida Statutes (1996 Supplement), became law without the Governor's approval on June 1, 1996; however, this statute took effect October 1, 1996.[3]
Under accepted rules of statutory construction, sections 39.019 and 318.121, Florida Statutes (1996 Supplement), should be read together, or in pari materia, because they govern different aspects of the same subject matter.[4] Statutes in pari materia, although they are in apparent conflict or contain apparent inconsistencies, should be construed in harmony with each other as far as is reasonably possible, so as to give force and effect to each; but, if there is an unreconcilable conflict, the latest enactment will control or will be regarded as an exception to, or qualification of the prior statute.[5] Under these rules of construction the two statutes set out above should be read together in a manner in which each has some force and effect but not in a way which would defeat the legislative intent for the adoption of both statutes.[6]
Utilizing these rules of statutory construction, section 39.019, Florida Statutes (1996 Supplement), was effective and in operation until October 1, 1996, when the provisions of section 318.121, Florida Statutes (1996 Supplement), became effective and preempted the imposition of additional fees, fines, surcharges, and costs. Therefore, it is my opinion that the clerk of court was authorized to collect the court costs for teen court provided for in section 39.019, Florida Statutes (1996 Supplement), until October 1, 1996, after which time the imposition and collection of such costs was preempted by section 318.121, Florida Statutes (1996 Supplement). However, those court costs authorized by section 318.18(11), Florida Statutes (1996 Supplement), and the other fees, fines, surcharges, or costs authorized by Chapter 318, Florida Statutes, are still permitted.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See, s. 3, Ch. 96-383, Laws of Florida.
[2] The additional court costs assessed under s. 318.18(11), Fla. Stat. (1996 Supp.), are $3 for a pedestrian infraction; $6 for a nonmoving traffic infraction; and $10 for a moving traffic infraction.
[3] See, s. 58, Ch. 96-350, Laws of Florida.
[4] See, 49 Fla. Jur.2d Statutes s. 175. Cf., Op. Att'y Gen. Fla. 80-60 (1980).
[5] See, generally, 82 C.J.S. Statutes s. 368; Orlando TransitCompany v. Florida Railroad Public Utilities Commission,37 So.2d 321 (Fla. 1948), Goehring v. Broward Builders Exchange, Inc.,222 So.2d 801, (Fla. 4th DCA 1969), remanded, 231 So.2d 513
(Fla. 1970); State ex rel. Gerstein v. Hialeah Race Course, Inc.,245 So.2d 53 (Fla. 1971).
An examination of the legislative history regarding enactment of these two statutes reveals that s. 318.121, Fla. Stat. (1996 Supp.), passed subsequent to s. 39.019, Fla. Stat. (1996 Supp.).See, Journal of the Florida House of Representatives, Vol. II, Regular Session, pages 2145 (SB 892) and 1773 (HB 1957).
[6] See, Dickinson v. Davis, 224 So.2d 262 (Fla. 1969); andSharer v. Hotel Corporation of America, 144 So.2d 813 (Fla. 1962), for the proposition that the Legislature is never presumed to enact purposeless or useless legislation.