MIAMI REAL ESTATE COMPANY, a Corporation, *Appellant,* v. HOTEL HALCYON CORPORATION, ET AL., *Appellees.*

Division B.

Opinion filed June 21, 1929.

*Bart A. Riley* and *Cooper, Knight, Adair, Cooper and Osborne,* for Appellant;

*Thomas B. Everhart, Mitchell D. Price,* and *Loftin, Stokes & Calkins,* for Appellee.

PER CURIAM.—The bill of complaint herein seeks to enforce against the lessor the specific performance of an agreement for a 99 year lease of the Halcyon Hotel property in Miami, Florida.

On a former appeal an order overruling a demurrer to the bill of complaint of the lessee was affirmed. Hotel Halcyon Corporation et al. v. Miami Real Estate Company, 89 Fla. 156, 103 So. R. 403. Subsequently a final decree was rendered dismissing the bill of complaint upon the return to the lessee of a sum of money that had been received by the defendant lessor from the complainant lessee on the rents to become due under the lease. An appeal was taken by the complainant from the final decree. The matter to be determined now is whether the allegations of the bill of complaint heretofore held to be a sufficient basis for specific performance, have been proven substantially as alleged, and have not been met and overcome by the answers and the evidence.

It is contended that specific performance should not be decreed because it does not appear that there was a meeting of the minds of the respective parties, in that it was not made known to the lessor that the Miami Real Estate Company was to be the lessee. The record on the former appeal and on this appeal show that a lease of the premises in controversy to the Miami Real Estate Company was contemplated and intended by Thomas J. Peters acting for the Hotel Halcyon Corporation, and by Fred H. Rand, Jr., acting for the Miami Real Estate Company.

The form of a lease dated June 1, 1921, submitted by the lessor to the lessee, purported to evidence the agreement for a 99 year lease of the described property by the Hotel Halcyon Corporation as lessor to the Miami Realty Company as lessee. These parties, lessor and lessee, comported with the terms and intent of the agreement previously arrived at by the contracting parties as shown by the communications between them. On August 19, 1921, F. H. Rand, Jr., in pointing out objections to the form of the lease as presented by the lessor, stated: ''As I have previ-

ously advised you, by cable and letter, the lease is not satisfactory for reasons which I submit below:

"First: I wish the lease made to and executed by my corporation, the Edgewater Company, instead of the Miami Real Estate Company."

There were 48 other objections to the form of the lease stated by Mr. Rand in his letter from Paris, France, to Mr. Peters at Miami, Florida.

The essential terms of the lease had several weeks previously been agreed on between Mr. Peters, representing the Hotel Halcyon Corporation, and Mr. Rand, representing the Miami Real Estate Company, and the mere wish of Mr. Rand as expressed in his letter to Mr. Peters dated August 19, 1921, that the lease be made to the "Edgewater Company" instead of the "Miami Real Estate Company," did not change the terms of the agreement previously concluded as to the parties to the lease. Such expression of Mr. Rand's wish was not an abandonment of the agreement already made under which the Miami Real Estate Company was to be the lessee. This is particularly so in view of all the correspondence in evidence. Mr. Peters apparently made no reply to the suggestion or expression of a wish as to the change of lessee; and Mr. Rand's letter of August 19, 1921, expressed a purpose to abide by the agreement as made.

At least $14,000 was paid to and retained by the lessor; and in addition thereto terms were agreed on for the transfer of real estate owned by the Miami Real Estate Company to the Hotel Halcyon Corporation in payment on the rentals to accrue under the lease agreed on; and these are among the elements warranting a decree of specific performance. There was no basis for rescinding the contract by the lessor; and it did not return the advance payment received. The

offer in the answer to return the $14,000.00 does not affect the equity for specific performance shown by the appellant.

The evidence adduced considered as a whole sustains in essential substance, and does not negative or depreciate, the material allegations of the bill of complaint, which allegations have been held on demurrer to be a sifficient predicate for appropriate relief. The averments of the answers and the evidence adduced in support thereof, do not afford a defense to the equity shown by the complainant for the specific performance of a 99-year lease of the described property.

The final decree is reversed and the cause will be remanded for appropriate proceedings and decrees.

WHITFIELD, P. J., STRUM and BUFORD, J. J., concur.

TERRELL, C. J., concurs in the opinion and judgment.

ELLIS, J., dissents.

BROWN, J., disqualified.