KANNER, Judge.
Specific performance of a contract was sought by plaintiffs Krause and denied by the .chancellor as to a real estate transaction whereby the defendants Owens had agreed to purchase from plaintiffs a parcel of real estate and the house upon it. Defendants had posted a $500 deposit, but when deed to the property was tendered, defendants refused to accept it and request *371 ed return of their deposit, asserting violation of certain covenants and restrictions in the contract.
Each party upon motion sought summary final decree based upon the pleadings and affidavits; and the court, after denying plaintiffs’ motion, found that there existed no genuine issue as to any material fact, held as a matter of law that defendants were entitled to summary decree, and ordered the recovery of the $500 deposit. On appeal, the plaintiffs are contending under two points (1) that the Chancellor erred in entering his order granting the defendants’ motion for summary decree and thereafter entering final decree and (2) that the court erred in not granting plaintiffs’ motion for summary decree.
The contract of sale contained a clause which provided:
“Zoning — Restrictions—It is understood and agreed that the above mentioned property is being sold and purchased subject to the zoning ordinances and restrictions and limitations of record and subject to any easements for public utilities which may be of record, or any lien, regulation, easement or servitude that may now exist, or shall be fixed by public agencies subsequent to execution by Buyer; providing none of which may show the premises to be in violation or unmer-chantable.” (Emphasis supplied.)
Another clause, entitled “Kind of Deed,” provided that:
“Conveyance of a perfect record title shall be by warranty Deed, free and clear of all encumbrances * * *»
It was revealed that the property was encumbered by a deed restriction which covenanted among other things, that any house on the property was to be at least 25 feet from the street. This restriction was in full force and effect. Defendants had demonstrated that, according to a plat survey, the dwelling on the premises was located only 20.4 feet from the adjacent street. Plaintiffs failed to create a genuine issue of fact as to this.
As seen, under the terms of the contract, the property was being sold and purchased subject to “restrictions and limitations of record,” with the proviso, “ * * * providing none of which may show the premises to be in violation or un-merchantable.” The showing by defendants of a violation of the set-back restrictive covenant established that there had been a failure on the part of plaintiffs to proffer deed which complied with this condition specified in the contract. From the record on appeal, we cannot say that the trial judge erred in finding that no genuine issue of material fact existed and in holding that defendants were entitled to a summary final decree refusing specific performance and ordering a return of the $500 deposit.
Another facet of this cause has been presented. It is affirmatively shown and conceded that since this cause has been pending appellate disposition, plaintiffs have conveyed and sold the subject property.
Generally when a vendor seeks specific performance of a contract to sell and convey realty, such relief will not be allowed when the evidence of all the parties clearly shows that the vendor cannot convey a good title to any interest whatever in the property. McCann v. Ware, 1920, 80 Fla. 803, 87 So. 57. The rule applies whether want of title existed at the time of the execution of the contract or was caused by subsequent acts of the seller. The rationale of this is that equity does not attempt a vain or useless thing. 29 Fla.Jur., Specific Performance, sections 75-76, pages 578-579; 49 Am.Jur., Specific Performance, section 101, pages 118-119.
No ground for the remedy of specific performance is disclosed, nor has there been advanced in this suit any basis for the consideration of damages incident to the *372 specific performance relief sought. Consequently we must affirm the summary final decree entered by the chancellor.
Affirmed.
ALLEN, Acting C. J., and SMITH, J., concur.