ALLEN, Chief Judge.
Appellant, Orbit Construction Company, plaintiff below, sued for an alleged breach of a construction contract. Defendant-ap-pellee, Trail Development Corporation, answered and filed affirmative defenses. The action was tried by the court without a jury and was dismissed at the conclusion of plaintiff’s testimony on defendant’s motion. Final judgment was entered and this appeal was taken from the judgment.
Plaintiff is a general contractor in Sarasota County. Defendant is the owner of the John Ringling Hotel in Sarasota. Defendant asked plaintiff to make an estimate for repairs and renovation of the hotel building and, according to the testimony of plaintiff, defendant agreed to enter into a written contract for this work at a later date subject to financing requirements. No work was done.
The plaintiff below did not sue for the value of its services rendered in the upkeep of the building, but only for breach of the alleged executory construction contract.
The oral construction contract alleged by the plaintiff lacks several items usually considered necessary for the formation of such a contract. Plaintiff’s testimony on cross-examination bears this out when he was asked:
“Q. When you have a construction contract there are a number of things that have to be settled like plans, specifications, the price, time, performance and whether or not there is to be a bond and, of course, the cost.
“A. Yes, sir.
“Q. Were any of those items ever settled between you and Robinson? [Defendant]
“A. No. The only thing ever settled—
“Q. You have answered my question. You said no.
“Q. Now, were you to enter into a written agreement with Mr. Robinson for this contract?
“A. Before I started the work, yes, sir.
“Q. You were?
“A. On the work to be done.”
Thus, the question before this court is: Was a valid, enforceable contract established between the plaintiff and defendant for the renovation of the hotel ? .
In City of Ft. Pierce v. Scofield Engineering Co., 57 F.2d 1026 (5th Cir. 1932), the city’s contract to pay the engineering company for estimating the cost of electric plant improvements, preparing plans, etc., if any of the estimated work was financed and undertaken, was held unenforceable for want of mutuality and definiteness. The court stated on page 1029 of the opinion:
“ * * * if the action could be considered as one for breach of contract in not ordering the estimated work to be *343 done, such suit could not be maintained, for the contract, as to the making of the proposed improvements, is wholly wanting in mutuality and definiteness of obligations. It does not provide that the city will absolutely order any work done. It provides conditionally only that if in the discretion and judgment of the city any of the estimated work is financed and undertaken, the remaining percentages will be allowed, not upon the work estimated, but upon the work actually done. Such provisions do not constitute a binding agreement; they constitute merely a proposal giving the city the option to proceed further, if and when it is advised * *
In the instant case, where plaintiff was asked by defendant to make an estimate for repair and renovation of the hotel, and according to testimony of plaintiff, defendant agreed to enter into a written contract for this work at a later date subject to financing requirements, such an agreement should be unenforceable because it, too, is wholly wanting in mutuality and definiteness of obligations.
Finally, Mann v. Thompson, Fla.App. 1958, 100 So.2d 634, is a case involving an appeal from a final decree dismissing a complaint for specific performance of a lease and ordering the plaintiff-lessee to vacate the disputed premises. The First District Court of Appeal agreed with the chancellor when he conceived the principal issue in the case to be whether the intent of one Thompson was to consummate the alleged lease agreement before it was fully expressed and executed in a formal written instrument. The court said:
“ * * * The kernel of this issue necessarily concerns the existence or nonexistence of a valid and binding contract. So long as any essential matters remain open for further consideration, there is no completed contract. In order to create a contract it is essential that there be reciprocal assent to a certain and definite proposition. When the parties intend that their negotiations be reduced to a formal writing, there is no binding contract until the writing is executed. ifc iji »
The court, in the case at bar, found no intention on the part of the parties to consummate the alleged agreement before all the terms and conditions had been fully determined and formalized in an appropriately executed written document.
The lack of mutuality and definiteness of obligations between the parties having failed to ripen into a contract, there is nothing upon which an award for damages can be based.
Affirmed.
PIERCE, J., and OVERTON, BEN F., Associate Judge, concur.