PER CURIAM.
Miami Beach First National Bank, executor of the Estate of Geza M. Frank, deceased, appeals from a final judgment awarding the plaintiff, Palma Borbiro, the quantum meruit value of services she rendered to the decedent as housekeeper and attendant for a period of three years, ending approximately six months before the decedent’s death.
The complaint alleged, inter alia, that the plaintiff and decedent had entered into an oral agreement under which he would save for her sums equivalent to the value of her services to him, and that these sums were to become due and payable upon his death. Although it appears that the decedent had attempted to change his will, no changes were actually effected, and *572 compensation for plaintiff’s services was not provided for by the will of the decedent. Her claim against his estate was denied, and she then filed this suit which resulted in a final judgment in her favor.
On appeal, the executor has argued that either the plaintiff’s claim in quantum me-ruit should be dismissed because of insufficient evidence to support such a judgment, or the judgment should be recomputed to limit the amount to damages for services rendered within one year before the decedent’s death by application of the Statute of Limitations prescribed by Section 95.11(7) (b), Florida Statutes, F.S.A., which provides that suits for the recovery of wages shall be brought within one year.
We have examined the record carefully and find insufficient evidence of an express agreement that the monies owed by the decedent to the plaintiff should become due and payable to her upon his death.
It is an establishéd rule, however, that an order of a trial judge will be sustained on appeal if it is correct, even though upon a ground other than that given by the trial judge. Smalleylogics Corporation v. Dade County, Fla.App.1965, 176 So.2d 574.
In Robbins v. Grace, Fla.App.1958, 103 So.2d 658, it was held that failure to prove the cause stated in the complaint may not defeat recovery by plaintiff, provided that the proofs actually made present a meritorious claim. The court also stated that:
* ' * * * * *
“ * * * In the absence of an objection that the evidence is not within the scope of the pleadings in a case which is tried as if the issue had been raised, amendment of pleadings is not imperative. ^
jfc % ‡ sfc i|e
See also Finley P. Smith, Inc. v. Schectman, Fla.App.1961, 132 So.2d 460. Former Rule 1.15(b) [now Rule 1.190(b)], Florida Rules of Civil Procedure, 30 F.S.A.
Although the plaintiff was unable to prove an express agreement that the payments were due and payable upon the decedent’s death, there was substantial competent evidence to show that she did have an agreement to work for him for an indefinite period; that she did render services to the decedent, and that he would not pay her as the services were rendered but would set aside the value of her services to be held for her benefit. The circumstances herein were such as to negative a gratuity and raise an implied promise to pay the reasonable value of her services.
If a contract, express or implied, is an entire one for continuous services over an indefinite period of time and does not fix a time when compensation shall be payable, the Statute of Limitations does not run until the employment is ended, because the action does not accrue until the termination of the employment. See Israel v. Baker (10th Cir. 1948), 172 F.2d 63, 7 A.L.R.2d 192; Annotation—Indefinite Time for Payment, 7 A.L.R.2d 198.
Plaintiff’s claim for services to the decedent allegedly commenced on December 9, 1961 and ended on December 15, 1964. Frank died on June 18, 1965 and plaintiff’s claim for services rendered was filed against his estate in the County Judges’ Court in Dade County, Florida, shortly thereafter.
Section 734.28, Florida Statutes, F.S.A., provides:
“If a person against whom a cause of action exists dies before the expiration of the time limited for commencement thereof and the cause of action survives, claim shall be filed thereon and like proceedings had as in the case of other claims against the estate.”
Since Frank died before the expiration of the one year period set forth in Section 95.11(7) (b) supra, it appears that Section 734.28 supra, was complied with by the plaintiff and governs these proceedings. *573 See: Smith v. Pattishall, 1937, Fla., 173 So. 355; 21 Fla.Jur. Limitation of Actions, § 59, pp. 208-209; 14 Fla.Jur. Executors and Administrators, § 228, pp. 176-177.
The plaintiff was thus entitled to recover for the value of the services she rendered for the full period of her employment. Consequently, the one year Statute of Limitations would not bar her claim for the reasonable value of the services she rendered to the decedent during the three year period of her employment.
Accordingly, the judgment appealed from is hereby
Affirmed.