PER CURIAM.
The appellant, First Data Resources, Inc. [First Data], appeals a non-final order granting appellee’s, SafeCard Services, Inc. [SafeCard], motion for partial summary judgment on the quantum meruit count of its amended complaint. We affirm with directions.
SafeCard filed a four count complaint against First Data for account stated, open account, breach of contract, and quantum meruit. SafeCard filed a motion for summary judgment on the issue of liability on all four counts.
At the hearing on the motion for summary judgment, SafeCard’s attorney argued that there was an express contract between the parties. In the alternative, SafeCard’s attorney argued that First Data is liable under the theory of quantum meruit. On the other hand, First Data’s attorney argued that there was no express contract between the parties. The trial court entered its order granting the motion on the quantum meruit count, denying relief without prejudice on the breach of contract count, and reserving ruling on the account stated and open account counts. First Data appeals.
First Data contends that the trial court erred in granting the partial summary judgment on the quantum meruit count where a genuine issue of material fact still exists as to whether there was an express contract between the parties. As the parties acknowledge, breach of contract and quantum meruit are mutually exclusive remedies. See Garcia v. Cosicher, 504 So.2d 462, 463 n. 2 (Fla. 3d DCA), rev. denied, 513 So.2d 1060 (Fla.1987); Poe v. Estate of Levy, 411 So.2d 253, 256 (Fla. 4th DCA 1982); Tobin & Tobin Ins. Agency, Inc. v. Zeskind, 315 So.2d 518 (Fla. 3d DCA 1975). Accordingly, if 'it is ultimately determined that there was an express contract between the parties, the trial court shall vacate the partial summary judgment on the quantum meruit count.
Affirmed with directions.