PER CURIAM.
Capital Asset Research Corporation (Capital) sought to enforce and recover damages for the alleged breach' of an agreement to enter into a commercial lease for office space. See Hughes v. Jemco, Inc., 201 So.2d 565, 567 (Fla. 1st DCA 1967)(A written agreement for a lease is enforceable and is no less a contract than a contract or an agreement for deed).
In this case, we find that there was no enforceable written agreement for a lease. Athough Florida law recognizes that contractual obligations may arise from the parties’ written agreement to subsequently enter into a lease, the agreement must still comply with traditional contract principles. Capital relied upon an August 25, 1994 letter it received from the real estate broker of the sublessor, the Michael *44 Swerdlow Companies (Swerdlow), containing terms to be incorporated into the sublease. However, the letter contained explicit provisions that the lease proposal was conditioned, inter alia, upon the parties’ execution of a mutually acceptable sublease agreement and that neither party was to have enforcement rights under the letter. We agree with the trial court’s conclusion that the August 25, 1994 letter was unambiguous, and, that by its express terms, it was not intended to be binding on either party or to create any enforceable rights. See Club Eden Roe, Inc. v. Tripmasters, Inc., 471 So.2d 1322 (Fla. 3d DCA 1985), rev. denied, 482 So.2d 350 (Fla.1986).
Accordingly, we affirm the final judgment entered for Swerdlow upon its motions for directed verdict. All other issues on appeal and cross-appeal are rendered moot by our affirmance.
AFFIRMED.
SHAHOOD, TAYLOR, JJ., and ROTHSCHILD, RONALD J., Associate Judge, concur.