768 So.2d 465 (2000)
David CROSS and Peggy Cross, Appellants,
v.
STRADER CONSTRUCTION CORPORATION, Appellee.
No. 2D98-3627.
District Court of Appeal of Florida, Second District.
April 28, 2000.
Rehearing Denied June 29, 2000.
Debra J. Sutton of The Law Office of Debra J. Sutton, P.A., Bartow, for Appellants.
David and Peggy Cross, Riverview, pro se.
Dennis J. LeVine and D. Brett Marks of Dennis LeVine & Associates, P.A., Tampa, for Appellee.
WHATLEY, Acting Chief Judge.
David and Peggy Cross appeal an order granting Strader Construction Corporation's motion for enforcement of a judgment lien. We conclude that the homestead exemption precluded the enforcement of the judgment lien and reverse.
*466 The Crosses hired Strader as a general contractor to construct their home. Problems arose and litigation followed. Strader sued under three causes of action: enforcement of a mechanic's lien, breach of contract, and quantum meruit. The Crosses counterclaimed for breach of contract. The trial court denied all claims except Strader's quantum meruit claim. Pursuant to that cause of action, the trial court entered a final judgment awarding Strader $28,011 in damages. Strader then filed a motion to enforce the judgment lien and authorize the sale of the property, which the trial court granted. The Crosses argue that the trial court erred in granting the motion because the property is their homestead. Both parties acknowledge the homestead nature of the property.
The issue is whether Article X, Section 4(a) of the Constitution of the State of Florida protects the Crosses' real property from this judgment lien. Article X, Section 4(a) states in relevant part:
(a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty....
(emphasis added).
Strader contends levy and sale are appropriate as the judgment was for goods, labor, and materials that were incorporated into the improvement of the Crosses' property. Strader would be correct if he had prevailed on his mechanic's lien claim or his breach of contract claim. See In re Clements, 194 B.R. 923 (Bankr.M.D.Fla. 1996); Brinson v. Creative Aluminum Prod., Inc., 519 So.2d 59 (Fla. 2d DCA 1988). However, the trial court denied both of these claims and the final judgment was not appealed.
Article X, Section 4(a) expressly provides that obligations for the purchase, improvement, or repair of the property, which are contracted for, are an exception to the homestead exemption. Florida law requires a strict construction of the exceptions to the homestead exemption. See Butterworth v. Caggiano, 605 So.2d 56 (Fla.1992). Quantum meruit is the antithesis of matters contracted for. Quantum meruit damages cannot be awarded when an enforceable contract exists. See Corn v. Greco, 694 So.2d 833 (Fla. 2d DCA 1997). As stated in First Data Resources, Inc. v. Safecard Services, Inc., 574 So.2d 311 (Fla. 3d DCA 1991), "breach of contract and quantum meruit are mutually exclusive remedies." We conclude that the judgment for quantum meruit damages in this case does not fall within the exceptions to the homestead exemption. Accordingly, Strader's monetary judgment is not enforceable against the Cross property so long as it maintains its homestead status.
This cause is reversed and remanded for proceedings consistent with this opinion.
GREEN, J., Concurs.
DAVIS, J., Dissents with opinion.
DAVIS, Judge, Dissenting.
I respectfully dissent. The majority concludes that a judgment lien based on a quasi contract does not defeat homestead protection because it, by definition, is not a contract. In so holding, the majority strictly construes the language in article X, section 4(a) of the Florida Constitution, which provides:
There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property....
*467 That is, the majority would require the existence of a legally enforceable contract before a person could enforce a judgment lien under this exception.
I would reject such a literal interpretation of the Florida Constitution. Rather, I read the phrase "contracted for" as a description of the relationship between parties, and not a delineation of a sole theory of recovery. It appears the trial court's use of the term "quantum meruit" was inartful. See Commerce Partnership 8098 Ltd. Partnership v. Equity Contracting Co., 695 So.2d 383, 386 (Fla. 4th DCA 1997). However, I find no fault with its ruling that, even though no enforceable contract existed, the facts warranted a finding that the parties' relationship was quasi contractual in nature. That is, the Crosses invited Strader to perform the improvements, Strader expected to be paid, and the Crosses anticipated paying for the improvements. Accordingly, I would read the constitutional language to afford Strader the benefit of the exception.
I do not believe such a reading violates the intent of the constitutional provision. Notwithstanding the inartful and interchangeable use of such terms as "quantum meruit," "quasi contract," and "unjust enrichment" by Florida courts, these courts have frequently allowed an equitable lien to defeat the homestead protection to prevent unjust enrichment. See id. "[W]here equity demands it [the Florida Supreme Court] has not hesitated to permit equitable liens to be imposed on homesteads beyond the literal language of article X, section 4." Palm Beach Sav. & Loan v. Fishbein, 619 So.2d 267, 270 (Fla.1993); La Mar v. Lechlider, 135 Fla. 703, 711, 185 So. 833, 836 (1939) (equitable lien available to prevent unjust enrichment even in the absence of fraud or malfeasance by beneficiary of homestead protection). Although the judgment lien herein may not technically be an "equitable" lien, see Commerce Partnership, 695 So.2d at 390, I would give a broader reading to article X, section 4(a) than the majority, and affirm the trial court's enforcement of the final judgment.