CLARK, J.
The City of Quincy appeals from an order by which the trial court awarded damages to the appellee, upon the City’s breach of contract. In challenging that award the City contends that the appel-lee’s lawsuit was not filed within the limitations time allowed under section 95.11(2)(b), Florida Statutes. But the City is calculating that time from its initial breach of a continuing obligation under the contract, and the City’s continuing subsequent breaches provided subsequent dates from which the limitations time may be calculated, with the appellee’s lawsuit having been filed within the limitations period under section 95.11(2)(b) for the continuing breach of the parties’ contract.
The City and the appellee entered into a contract which gave the City water rights in connection with a lake on property owned by the appellee, with the City agreeing to ongoing obligations including continuing maintenance and repairs to an existing dam and spillway. The City later decided that it no longer needed to use the water from the lake on the appellee’s property, and the City further decided that it would cease maintaining and repairing the dam and spillway. That decision was apparently made in February 2003, but the City did not communicate this to the ap-pellee until May 2008, after the appellee contacted the City and complained about the City’s failure to perform the required maintenance and repairs.
The appellee filed his lawsuit against the City in June 2008, and indicated that he had not realized that the City was no longer maintaining the dam until problems arose after heavy rains earlier in 2008. The City interposed a statute of limitations defense, asserting that the five-year limitations period in section 95.11(2)(b) commenced in February 2003 when the City ceased performing its obligations under the contract, and that the appellee’s lawsuit was thus barred as it was not filed within that limitations time. The trial court rejected that assertion, and the City now challenges the trial court’s ruling and *1078 the award of damages for the City’s breach of the contract.
In asserting that the limitations period had expired, the City ignores the continuing nature of its obligations under the contract, and that its ongoing nonperformance constituted a continuing breach while the contract remained in effect. The ap-pellee’s cause of action was not limited to the City’s initial breach, and the section 95.11(2)(b) statute of limitations had not expired when the appellee filed his lawsuit which encompassed the City’s continuing breach. See Bishop v. State, Div. of Retirement, 413 So.2d 776 (Fla. 1st DCA 1982). The trial court properly rejected the City’s statute of limitations defense, and the appealed order is affirmed.
KAHN and LEWIS, JJ., concur,