CRENSHAW, Judge.
William E. Clark appeals a final judgment enforcing a charging lien filed by his *417 former attorney, H. Vernon Davids, and awarding Davids $57,921.76 in attorney’s fees. Davids represented Clark in a probate proceeding from September 1999 to November 2000 (Stint I), May 2001 to January 2002 (Stint II), and March 2005 to May 2005 (Stint III).[1] However, Davids did not seek payment for the entirety of his services for Stint II until 2005, after Clark had received a distribution from the underlying probate case. And, Davids did not seek to be paid for what he argued was the total amount owed for Stint I until 2008, well after the statute of limitations on his breach of contract action had passed. Because we find Davids’ breach of contract action accrued when he ended the attorney-client relationship in November 2000, we reverse the trial court’s award as to Stint I. However, we find the trial court’s award of attorney’s fees for Stint II under quantum meruit was supported by competent, substantial evidence. Accordingly, we affirm the final judgment as to Stint II, but reverse and remand for the trial court to enter a final judgment in favor of Clark as to Stint I.
In September 1999, Clark and Davids entered into a written fee agreement in which Clark agreed to pay Davids at a rate of $130 per hour, plus sixteen percent of any gross recovery from the estate distributions. The agreement also contained a clause providing that in the event either Clark or Davids severed their attorney-client relationship, the sixteen percent contingency clause would be void and Clark would be responsible for paying Davids an additional $70 per hour. This amount was the difference between Davids’ normal hourly rate of $200 and the agreed-upon hourly rate of $130. In November 2000, Davids moved to withdraw from his representation of Clark, citing irreconcilable differences. The trial court granted Davids’ motion. Throughout Stint I, Clark paid Davids at a rate of $130 per hour, but Davids did not bill Clark for the additional early termination fee of $70 per hour after he withdrew as counsel.
In May 2001, Clark contacted Davids and asked that he serve as local counsel. Davids agreed and Clark faxed a letter to Davids discussing the terms of their new arrangement. The letter, which was neither prepared by Davids nor signed by him, stated that Davids would charge Clark at a rate of $130 per hour and would receive ten percent of any net recovery from the estate distributions. In January 2002, Davids, again citing irreconcilable differences, moved to withdraw as counsel, and the trial court granted Davids’ motion. Davids sent Clark a bill charging him for the services rendered during Stint II at a rate of $130 per hour, which Clark paid.
In 2005, Davids discovered that Clark had received a large distribution from the original probate action. Hence, he filed a notice of charging lien on May 23, 2005, and motion to enforce the charging lien on June 2, 2005, claiming Clark owed him attorneys’ fees for Stint II totaling ten percent of the net estate distributions that Clark received after he withdrew as Clark’s counsel. Davids subsequently filed an amended motion to enforce the charging lien on June 23, 2008, reasserting his claim for fees rendered in Stint II and asserting, for the first time, a claim for unpaid fees earned in Stint I. Specifically, Davids sought the $70 difference between his normal $200 hourly rate and the charged $130 hourly rate, plus prejudgment interest incurred from November 2000 — an amount he alleged was owed un *418 der the terms of the contract entered into by the parties in September 1999.
The trial court determined that the statute of limitations did not bar Davids’ claim for fees for Stint I because Davids’ claim was tolled until the filing of his amended motion. As for Stint II, the trial court found that although the parties’ verbal agreement did not constitute a valid and enforceable contract, Davids was entitled to recovery under quantum meruit at a rate of $300 per hour, which was $170 more per hour than what Clark had initially paid Davids.

The trial court's determination as to Stint I

“A legal issue surrounding a statute of limitations question is an issue of law subject to de novo review.” Hamilton v. Tanner, 962 So.2d 997, 1000 (Fla. 2d DCA 2007). Under section 95.11(2)(b), Florida Statutes (2000), an action on a contract founded on a written instrument shall be commenced within five years. Though we agree that Davids properly sought relief as a breach of contract claim, “Florida case law consistently holds that a cause of action for breach of contract accrues and the limitations period commences at the time of the breach.” Technical Packaging, Inc. v. Hanchett, 992 So.2d 309, 313 (Fla. 2d DCA 2008); see also § 95.031(1) (“A cause of action accrues when the last element constituting the cause of action occurs.”). Therefore, Davids’ breach of contract action accrued when Davids ended the attorney-client relationship with Clark in November 2000, not when Davids filed his amended motion to enforce the charging lien in June 2008. Further, we fail to find any exception under section 95.051 that would toll the statute of limitations. Accordingly, we find the trial court erred by awarding Davids any unpaid fees for Stint I because his action was barred by the statute of limitations.

The trial court’s determination as to Stint II

Next, the trial court’s determination that the parties did not have a valid contract during Stint II is a question of law subject to de novo review. See Country Place Cmty. Ass’n, Inc. v. J.P. Morgan Mortg. Acquisition Corp., 51 So.3d 1176, 1179 (Fla. 2d DCA 2010); Cushman & Wakefield of Fla., Inc. v. Williams, 551 So.2d 1251, 1254 (Fla. 2d DCA 1989). We find the trial court properly found that there was no enforceable contract between Clark and Davids. See, e.g., Orbit Constr. Co. v. Trail Dev. Corp., 198 So.2d 341, 343 (Fla. 2d DCA 1967) (explaining the lack of a valid contract due to “[t]he lack of mutuality and definiteness of obligations between the parties”). Nonetheless, Davids was still entitled to an award under quantum meruit,[2] and there is competent, substantial evidence in the record supporting the trial court’s conclusion that Davids was entitled to recover additional attorney’s fees at a rate of $300 per hour. Accordingly, we find no error as to the trial court’s award of attorney’s fees for Stint II.
Affirmed in part, reversed in part, and remanded.
ALTENBERND and KHOUZAM, JJ., Concur.

. The circumstances surrounding Stint III are not pertinent to our opinion and will not be discussed.

. See Cross v. Strader Constr. Corp., 768 So.2d 465, 466 (Fla. 2d DCA 2000) ("Quantum me-ruit is the antithesis of matters contracted for.”).