# Third District Court of Appeal

## State of Florida

Opinion filed September 20, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1911
Lower Tribunal No. 19-22104
_____

**Slavica Raffay and Attila Raffay,**
Appellants,

vs.

**Longwood House Condominium Association, Inc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Gulisano Law, PLLC, and Michael Gulisano (Boca Raton), for appellants.

Cole, Scott & Kissane, P.A., and Francesca M. Stein and Scott A. Cole, for appellee Longwood House Condominium Association, Inc.; Shapiro, Blasi, Wasserman & Hermann, P.A., and Joshua L. Zipper (Boca Raton), for appellee Mitchel Zipper.

Before FERNANDEZ, HENDON, and LOBREE, JJ.

HENDON, J.

The Plaintiffs below, Slavica Raffay ("Ms. Raffay") and Attila Raffay ("Mr. Raffay") (collectively, "Appellants"), appeal from the trial court's "Order Granting Final Judgment for the Defendants." We affirm.

Facts

Appellants owned unit 108,[1] of the Longwood House Condominium, and were members of the Longwood House Condominium Association, Inc. ("Association"). Mitchel Zipper and Sidney Zipper (collectively, "the Zippers") owned unit 208, which is directly above unit 108. Appellants rented out unit 108, but when the tenants left in July 2017, Ms. Raffay noticed several leaks causing water stains, mold, and further damage to the ceiling and walls of the unit's bathrooms, kitchen, guest bedroom, and elsewhere throughout the unit.

She opened a claim with her insurance carrier, Citizens Property Insurance Corporation ("Citizens"), and Citizens inspected the unit. Further, Daniel P. Connery, P.E. of Scientific Application in Forensic Engineering, LLC ("SAFE"), on behalf of Citizens, inspected unit 108 on September 20, 2017, and inspected unit 208 and the roof on October 10, 2017. SAFE

---

[1] Ms. Raffay purchased unit 108 in 1994. She and Mr. Raffay, who she married in 2002, signed a mortgage taken on the subject property in 2004. Appellants initially resided at the unit before renting it out. The unit was sold in October of 2020.

2

prepared an engineering report of findings, noting water stains and prior damage, mold, and prior repairs. The report pointed to both unit 108 and unit 208 as possible sources for the alleged damage.

On July 25, 2019, Ms. Raffay filed suit against the Association and the Zippers (collectively, "Defendants") in Miami-Dade Circuit Court. Appellants then filed an amended complaint, adding Mr. Raffay as a party, and asserting three counts: 1) breach of the Declaration of Condominium and Chapter 718 of the Florida Statutes by the Association; 2) breach of statutory duty by the Board of Directors of the Association; and 3) breach of the Declaration of Condominium by the Zippers.

Ms. Raffay testified at her deposition that she first noticed water leaking from the ceiling in the 1990s and that "it would repeat every time with a strong rain." She also testified the last time she saw water leaking was in 2013. However, when visiting the unit thereafter, she saw stains on the plastic tiles, but does not know how long the stains or mold were present prior to July 2017.

The Association filed a motion for summary judgment, asserting, among other things, that Appellants' claims are time-barred under the four-year statute of limitations. Appellants also filed a motion for summary judgment, noting the subject property "suffered damage since the time the

3

unit was purchased in 1994." Further, in their motion for summary judgment, Appellants listed material facts, which began with a June 2013 ceiling leak.

Following a hearing on both motions, the trial court denied Appellants' motion for summary judgment and granted the Association's motion for summary judgment. Specifically, the trial court granted the Association's motion for summary judgment "solely on the statute of limitations argument," determining the claim was ripe in 2013[2] and that Appellants' claim, which was not filed until 2019, was time-barred under the applicable statute of limitations. Final judgment was entered in favor of the Association and the Zippers and against Appellants. A later motion for rehearing was denied; thereafter, this appeal followed.

Our standard of review for an order granting summary judgment is de novo. See Volusia Cnty. v. Aberdeen at Ormond Beach, L.P., 760 So. 2d 126, 130 (Fla. 2000).

Analysis

Pursuant to the Florida Rules of Civil Procedure, summary judgment will be granted if the movant demonstrates there is "no genuine dispute as

---

[2] Per the trial court, "the water leaks were continuous and ongoing by 2013; by which time, Plaintiffs were aware of the leaks and had complained of damage to their property."

to any material fact and the movant is entitled to judgment as a matter of law." Fla. R. Civ. P. 1.510(a). A genuine dispute is one in which "'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" In re: Amends. to Fla. R. Civ. P. 1.510, 309 So. 3d 192, 193 (Fla. 2020) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). Further, "'[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.'" Id. (quoting Anderson, 477 U.S. at 249-50).

The trial court cited to the statute of limitations in granting the Association's motion for summary judgment, finding the Appellants' claims to be time-barred under the statute. In Florida, the statute of limitations runs from the time the cause of action accrues. § 95.031, Fla. Stat. (2023). The filing of a complaint stops the running of a statute of limitation. See Fla. R. Civ. P. 1.050. Generally, a cause of action "accrues when the last element constituting the cause of action occurs." § 95.031(1). For breach of contract claims, the cause of action "'accrues and the limitations period commences at the time of breach.'" Grove Isle Ass'n v. Grove Isle Assocs., LLLP, 137 So. 3d 1081, 1095 (Fla. 3d DCA 2014) (quoting Clark v. Estate of Elrod, 61 So. 3d 416, 418 (Fla. 2d DCA 2011)). The limitations period for "[a] legal or equitable action on a contract, obligation, or liability founded on a written

5

instrument" is five years. § 95.11(2)(b), Fla. Stat. (2023). The limitations period for "[a]n action founded on a statutory liability" is four years. § 95.11(3)(e), Fla. Stat. (2023).

On appeal, the Appellants' principal argument is that final judgment in favor of the Defendants, based on the statute of limitations, should be reversed because the lower court incorrectly applied the statute of limitations when Appellants alleged recognized exceptions to the statute of limitations: ongoing nonperformance, continuing violations, or continuing torts. Ongoing nonperformance can constitute a continuing breach while a contract remains in effect, so that the accrual of a cause of action for breach of contract is not "limited to the [party's] initial breach." See City of Quincy v. Womack, 60 So. 3d 1076, 1078 (Fla. 1st DCA 2011) (holding the cause of action was not limited to the initial breach because of the continuing nature of the obligations under the contract and, therefore, the statute of limitations had not expired); see also Winn-Dixie Stores, Inc. v. Dolgencorp, LLC, 746 F.3d 1008, 1043 (11th Cir. 2014) (finding "Florida courts recognizes a continuing violation rule"); Grove Isle Ass'n, 137 So. 3d at 1095-96 (reversing the trial court's dismissal with prejudice of a breach of contract claim because plaintiff alleged the breach is continuing in nature).

Appellants argue the continuing torts doctrine applies because the Association's ongoing nonperformance equates to continual tortious acts, not continual harmful effects from an original completed act. Appellants further argue it is the "continued inactions or nonperformance" that caused, and are causing, recurring injury to their unit, and that the conduct continued until at least 2017, providing subsequent dates from which the statute of limitations should be calculated.

While there is persuasive case law from the First District Court of Appeal in <u>Womack</u> that ongoing nonperformance of a contract does not limit the accrual of a cause of action for breach of contract to the initial breach, we find Appellants do not provide evidence of ongoing nonperformance, regarding the previous leaks, to warrant application of this exception. Here, the record shows Appellants testified there were prior water leaks and that they last saw a leak in 2013. Appellants testified the Association was informed of the 2013 leak and some repairs were completed by Mitchel Zipper before unit 108 was subsequently rented out by the Appellants. None of the subsequent tenants complained about leaks or mold. Further, there is no evidence to establish a continual failure to perform because the Appellants did not provide evidence that they contacted the Association or the Zippers about nonperformance of

7

obligations regarding the 2013 leak, after the 2013 leak, and before the 2017 leak.

Also, the record shows the Appellants treated the prior leaks as separate events, as Mr. Raffay testified, "[s]o usually what happened is that leakage happens. We call him. He calls the plumber. That gets stopped. We collect all the water and move on. Business as usual." Therefore, the continuing tort doctrine does not apply because the alleged act of nonperformance constituted separate injuries from which the Appellants could have filed suit as each incident occurred. See Chakra 5, Inc. v. City of Miami Beach, 254 So. 3d 1056, 1060, 1065 (Fla. 3d DCA 2018).

Appellants' secondary argument is that final judgment in favor of the Defendants should be reversed because the lower court incorrectly applied the statute of limitation when several of the complained-of acts were alleged to have occurred within the four years preceding the filing of the complaint.

Florida courts have held it is error to grant summary judgment as to counts that fall within the statute of limitations. See Halkey-Roberts Corp. v. Mackal, 641 So. 2d 445, 447 (Fla. 2d DCA 1994). Yet, under the summary judgment standard, the test for the existence of a genuine factual dispute is whether "the evidence is such that a reasonable jury could return a verdict

8

for the nonmoving party." In re: Amends. Fla. R. Civ. P. 1.510, 317 So. 3d 72, 75 (Fla. 2021) (citation omitted). Federal courts have held that "mere conclusions and unsupported factual allegation are legally insufficient to defeat a summary judgment motion." Ellis v. England, 432 F.3d 1321, 1326 (11th Cir. 2005). Further, the court must also conclude that the moving party is entitled to judgment as a matter of law. Fla. R. Civ. P. 1.510(a).

This case ultimately turns on whether there is evidence that the alleged 2017 water leak occurred in 2017 to fall within the statute of limitations. Appellants argue that one specific complained-of incident occurred in 2017, and since suit was filed in 2019, any claim that accrued after 2015 would not be barred. However, Appellants have not provided any evidence to support the occurrence of a new leak in 2017. Therefore, we find the trial court did not err in granting summary judgment.

We do not address Appellants' argument that summary judgment as to the Zippers should be reversed because the Zippers never filed a motion for summary judgment, which was first raised in the reply brief. Issues raised for the first time in the reply brief are precluded from our consideration. See Gen. Mortg. Assocs., Inc. v. Campolo Realty & Mortg. Corp., 678 So. 2d 431, 431 (Fla. 3d DCA 1996). Accordingly, we affirm.

Affirmed.

9