DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LAD COMMERCIAL, LLC,**
as assignee of **KATZMAN GARFINKEL, P.A.,**
Appellant,

v.

**EAGLE TRACE AT VERO BEACH HOMEOWNERS'
ASSOCIATION, INC.,**
Appellee.

No. 4D2023-1100

[October 2, 2024]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michele Towbin Singer, Judge; L.T. Case No. CACE19-023362.

Daniel A. Bushell of Bushell Law, P.A., Fort Lauderdale, for appellant.

Therese A. Savona of Cole, Scott & Kissane, P.A., Orlando, for appellee.

KLINGENSMITH, C.J.

Appellant LAD Commercial, LLC appeals a final summary judgment entered in favor of Appellee Eagle Trace at Vero Beach Homeowners' Association, Inc. (the "Association") following the trial court's ruling that the underlying lawsuit was barred by the statute of limitations. We find that the statute of limitations had not expired at the time the cause of action for breach of contract was filed and reverse for further proceedings.

**Background**

In May 2008, the law firm of Katzman Garfinkel, P.A. ("Katzman") agreed to provide legal representation to the Association. The parties' retainer agreement (the "Contract") provided that Katzman would advance fees and costs for collection and foreclosure work that it performed for the Association against its unit owners. Katzman agreed to defer billing such fees to the Association and to attempt to collect the advanced fees from the delinquent unit owners. The Contract provided that although billing may

be deferred, the Association "is solely responsible and liable for same." While the Contract stated it would be effective for one year upon the date of execution, it would also be "self-renewing for additional one (1) year terms" until terminated in accordance with the Contract's terms. The Contract's termination provision provided in part that either party could terminate the Contract without cause by tendering written notice by certified mail.

Pertinent to this appeal, the "Standard Collection Procedures" incorporated in the Contract stated:

> At all stages, the Firm will attempt to collect all attorneys' fees and costs directly from the unit owner. However, the Association will be obligated to pay all attorneys' fees and costs incurred in the collection and foreclosure process under the following circumstances:
>
> . . .
>
> The Community Association Authority to Represent / Retainer Agreement [the Contract] is terminated by either party;
>
> . . . .

In 2015, Katzman notified the Association in a disengagement letter that it was "disengaging" its representation of the Association, and that "invoices for services provided in the amount of $20,179.08 still remain outstanding." Four years later in 2019, after the Association refused to pay, LAD, as assignee of Katzman for all claims against the Association, filed a complaint against the Association that included a claim for breach of contract, arising from the Association's alleged failure to pay Katzman for legal services rendered as provided in the Contract.[1]

The Association moved for summary judgment on the breach of contract count alleging that LAD's claims were barred by the statute of limitations and/or the doctrine of laches.[2] The Association argued that

---

[1] LAD conceded that the other counts stated in the complaint were time-barred, and the trial court dismissed those claims with prejudice.

[2] As to its laches defense, the Association argued that LAD had never attempted to recover payment for the alleged debt until it filed suit in 2019 for services rendered nearly a decade prior. The Association claimed prejudice by the action

2

the five-year statute of limitations for a breach of contract for failure to pay had expired. The Association contended that the exhibits attached to the complaint alleged that the earliest unpaid billing activity occurred in June 2008, and the most recent purported billing activity occurred in October 2011. Consequently, the Association claimed the cause of action accrued as early as 2008, or as late as 2011, because no evidence existed of any legal services after 2011, and the Contract alleged payment was due within ten days of receipt of a statement. As such, the Association asserted that Katzman's disengagement letter was an improper attempt to restart the statute of limitations.

LAD countered that the statute of limitations did not begin to run until after the March 2015 disengagement letter because the Contract's express terms dictated that bills related to the collection process would not come due until disengagement. Therefore, LAD argued that the complaint was timely brought within five years of the date when Katzman sent the disengagement letter.

After several hearings, the trial court found that Katzman had not performed any legal services for the Association after 2011, and that Katzman should have promptly sent a termination letter. The trial court granted summary judgment by relying on *Birnholz v. Steisel*, 394 So. 2d 523 (Fla. 3d DCA 1981), where the appellate court held that "the universally accepted doctrine as to attorney's fees is that the statute of limitations accrues when the particular services are completed." *Birnholz*, 394 So. 2d at 524 (first citing *Atchison v. Hulse*, 107 Cal.App. 640, 290 P.916, 918 (1930); and then citing Annot., *Limitations Compensation of Attorney*, 60 A.L.R. 2d 1008 (1958)). In so ruling, the trial court commented that it did not know whether a reasonable juror could find that the legal services or attorney-client relationship had not been terminated simply because Katzman had not done work for the Association, but that it did not make sense to allow a law firm to wait "a million years" before it decided to terminate a contract and seek fees.

## Analysis

The standard of review for a trial court's entry of summary judgment is de novo. *City of Delray Beach v. DeLeonibus*, 379 So. 3d 1177, 1180 (Fla. 4th DCA 2024) (citing *Roberson v. Enter. Leasing Co. of Fla., LLC*, 364 So. 3d 1097, 1100 (Fla. 4th DCA 2023)). "Summary judgment is proper where

---

because it no longer possessed records that would validate any claim, as Florida law only requires the Association to maintain its records for seven years.

3

'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting *Constr. Consulting, Inc. v. Dist. Bd. of Trs. of Broward Coll.*, 347 So. 3d 14, 21-22 (Fla. 4th DCA 2022)). Legal issues surrounding the statute of limitations are also reviewed de novo. *Clark v. Estate of Elrod*, 61 So. 3d 416, 418 (Fla. 2d DCA 2011) (quoting *Hamilton v. Tanner*, 962 So. 2d 997, 1000 (Fla. 2d DCA 2007)).

Section 95.031, Florida Statutes (2019), provides that "the time within which an action shall be begun under any statute of limitations runs from the time the cause of action accrues." Subsection (1) explains that "[a] cause of action accrues when the last element constituting the cause of action occurs." § 95.031(1), Fla. Stat. (2019).

For attorney's fees, a cause of action generally accrues when the particular services are completed, as held in *Birnholz* and relied on by the trial court. *See Birnholz*, 394 So. 2d at 524. However, an agreement for continuous services or with no fixed time of payment may call for the statute of limitations to accrue at the time of withdrawal, termination of employment, or completion of services. *See, e.g., Access Ins. Planners, Inc. v. Gee*, 175 So. 3d 921, 924-25 (Fla. 4th DCA 2015) (finding that a contract contemplating payment of commissions at different times was a continuing contract with performance upon separate events that called for separate causes of action when each payment was made); *Clark*, 61 So. 3d at 417-18 (finding that a specified fee increase for an attorney's termination did not accrue until the attorney-client relationship ended).

Although the trial court held that the Third District's opinion in *Birnholz* controlled its ruling on the statute of limitations issue, we find that the Third District's opinion in *Miami Beach First National Bank v. Borbiro*, 201 So. 2d 571 (Fla. 3d DCA 1967), is more instructive when applied to these facts. In *Borbiro*, an agreement established that the plaintiff would work for the decedent for an indefinite period, and that the decedent would not pay the plaintiff as the services were rendered but would set aside the value of her services. *Borbiro*, 201 So. 2d at 572. The plaintiff worked for the decedent for three years, and the decedent died six months later. *Id.* After the estate failed to compensate the plaintiff upon the decedent's death, the plaintiff filed suit, and the trial court granted her the value of her services rendered for the three-year period. *Id.* at 571-72. While the estate argued on appeal that the judgment should be limited to the value of one year of services based on the one-year statute of limitations for the recovery of wages, the Third District affirmed the judgment, holding that if a contract is for continuous services over an

indefinite period and it does not fix a time to pay compensation, "the [s]tatute of [l]imitations does not run until the employment is ended, because the action does not accrue until the termination of the employment." *Id.* at 572-73.

*Birnholz* is inapplicable here because it involved claims for unpaid payments for separate, distinct client matters, whereas the Contract in this case—the terms of which were not disputed—provided for a continuous relationship of retention for legal services. Under the Contract's clear language, the Association was not obligated to pay the fees and costs for the collection matters until the Contract was terminated. Thus, no breach of the Contract occurred until 2015 when (1) Katzman sent the disengagement letter terminating the relationship and billing the Association for the outstanding collection work, and (2) the Association failed to pay the fees that did not become payable until termination of the Contract. Because a breach of contract action accrues at the time of the breach, the statute of limitations began in 2015. *See Schmidt v. Sabow*, 331 So. 3d 781, 787 (Fla. 2d DCA 2021) (quoting *Medical Jet, S.A. v. Signature Flight Support-Palm Beach, Inc.*, 941 So. 2d 576, 578 (Fla. 4th DCA 2006)).

Because the statute of limitations for breach of a written contract is within five years of the breach under section 95.11(2)(b), Florida Statutes (2019), it would not have expired as applied to this suit before LAD filed its complaint in 2019. We reverse the trial court's final summary judgment and remand for further proceedings.[3]

*Reversed and remanded.*

GERBER and LEVINE, JJ., concur.

*    *    *

**Not final until disposition of timely filed motion for rehearing.**

---

[3] We decline to address laches because the trial court made findings for summary judgment based solely on the statute of limitations but made no findings regarding the Association's laches defense.